SOUTHWIND GROUP, INC., Appellant,

v.

Jesstin R. LANDWEHR and Joyce Landwehr, Appellees.

In re Southwind Group, Inc.

Nos. 11–05–00247–CV, 11–05–00324–CV.

Court of Appeals of Texas, Eastland.

Feb. 2, 2006.

Billy W. Boone, Abilene, for appellant.

John R. Saringer, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellees.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

Southwind Group, Inc. challenges the trial court's order denying its motion to compel arbitration of Jesstin R. Landwehr and Joyce Landwehr's breach of employment agreement claims. Southwind has brought an interlocutory appeal pursuant to the Texas Arbitration Act (TAA)[1] and a petition for writ of mandamus pursuant to the Federal Arbitration Act (FAA).[2] The primary issue in these proceedings is whether Southwind waived its right to arbitrate the Landwehrs' claims. We conclude that the TAA applies to the employment agreement and that Southwind did not waive its right to arbitration. Therefore, in Cause No. 11–05–00247–CV, we reverse the trial court's order and remand the cause with instructions that the trial court enter an order compelling arbitration of the Landwehrs' claims. Because the FAA does not apply to the employment agreement, we deny Southwind's petition for writ of mandamus in Cause No. 11–05–00324–CV.

### Background Facts

Southwind and Jesstin R. Landwehr entered into an employment agreement on October 30, 2001, whereby Southwind employed Jesstin as its director of operations. The employment agreement provided that Jesstin would work at Southwind's offices in Abilene, Texas, and that he would receive a base compensation of $50,000 per year, plus any commissions earned. The employment agreement contained the following arbitration provision:

9.04. *Arbitration Provisions.* Any claim or controversy that arises out of or relates to this Agreement, or the breach of this Agreement, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may

---

1. TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 2005).

2. 9 U.S.C. §§ 1–16.

be entered in any court of competent jurisdiction.

The Landwehrs moved from Arkansas to Texas in connection with Jesstin's employment with Southwind. In 2002, Jesstin left his employment with Southwind, and the Landwehrs moved back to Arkansas.

On July 17, 2002, Southwind filed suit against the Landwehrs seeking to recover $32,000 that it allegedly had loaned to the Landwehrs in connection with their purchase of a home in Abilene, Texas. Southwind also sought to establish a resulting trust on the Landwehrs' home. On November 13, 2002, the Landwehrs filed their original counterclaim alleging that Southwind had breached its employment agreement with Jesstin. The Landwehrs sought to recover not only Jesstin's annual salary of $50,000 plus benefits for the remaining term of the agreement, but also additional damages.

The record demonstrates that the parties exchanged written discovery and took depositions. The case also received a number of trial settings. The record also shows that the Landwehrs moved for summary judgment on Southwind's claims against them, Southwind responded to their motion, and the trial court denied the motion.

On June 1, 2005, Southwind filed its motion to stay and compel arbitration of the Landwehrs' claims pursuant to the TAA. Southwind did not seek to compel arbitration of its claims against the Landwehrs. Southwind asserted that the Landwehrs' claims fell within the scope of the arbitration provision in the employment agreement. The Landwehrs filed a response to Southwind's motion to compel arbitration. The Landwehrs did not argue that their claims did not fall within the scope of the arbitration provision. Instead, they argued that Southwind had waived its right to arbitration by its delay in seeking arbitration and by substantially invoking the judicial process. After a hearing, the trial court denied Southwind's motion to compel arbitration.

### Which Act Applies?

The employment agreement does not provide whether the TAA or the FAA applies. If the TAA applies, a party must seek relief from a trial court's order denying a motion to compel arbitration through an interlocutory appeal. If the FAA applies, a party must seek relief from the trial court's order through a mandamus proceeding. *In re Educ. Mgmt. Corp.*, 14 S.W.3d 418, 425 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding); *Russ Berrie and Co. v. Gantt*, 998 S.W.2d 713, 714–15 (Tex.App.-El Paso 1999, no ·pet.). Southwind argues that the TAA applies, but it has filed a petition for writ of mandamus in the event the FAA applies. The Landwehrs do not assert that the FAA applies.

The FAA extends to any contract affecting interstate commerce as far as the Commerce Clause of the United States Constitution [3] will reach. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex.2001); *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127 (Tex.1999). The FAA does not require a substantial effect on interstate commerce; it requires only that commerce be involved or affected. *In re Merrill Lynch Trust Co.*, 123 S.W.3d 549, 553 (Tex.App.-San Antonio 2003, orig. proceeding). In this case, Jesstin performed his employment responsibilities for Southwind in Abilene, Texas. The record does not show that the employment agreement, Jesstin's employment with Southwind, or Southwind's business operations in any way involved or affected interstate com-

---

3. U.S. Const. art. I, § 8, cl. 3.

merce. Because the record does not show that the employment agreement involved or affected interstate commerce, we conclude that the TAA applies. We deny Southwind's request for mandamus relief pursuant to the FAA.

### Southwind's Right to Arbitrate the Landwehrs' Claims

A party seeking to compel arbitration must first prove that an arbitration agreement exists and that the claims asserted fall within the scope of the agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999)(orig.proceeding). The law presumes the existence of an arbitration agreement, and any doubts regarding the existence or scope of an agreement are resolved in favor of arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 753. Section 9.04 of the employment agreement provided that any claims arising out of a breach of the agreement would be settled by arbitration. In their counterclaim, the Landwehrs alleged that Southwind had breached the employment agreement. The Landwehrs' claims fall within the scope of the arbitration agreement. Southwind met its burden of establishing that an arbitration agreement exists and that the Landwehrs's claims fall within scope of the agreement.

### Waiver Defense to Arbitration

If a party seeking arbitration carries its initial burden, the burden shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement. *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 134 (Tex.App.-Houston [1st Dist.] 2003, no pet.). The Landwehrs' sole defense to arbitration is that Southwind waived its right to arbitrate their claims.

The standard for determining waiver of the right to arbitration is the same under both the TAA and the FAA. *Brown v. Anderson*, 102 S.W.3d 245, 250 (Tex.App.-Beaumont 2003, pet. denied); *Sedillo v. Campbell*, 5 S.W.3d 824, 826 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Whether a party has waived its right to arbitrate presents a question of law that we review de novo. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d at 574; *Williams Indus., Inc.*, 110 S.W.3d at 136. Because public policy favors arbitration, there is a strong presumption against finding that a party has waived its right to arbitration; the burden to prove waiver is thus a heavy one. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704-05 (Tex.1998)(orig.proceeding); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex.1996)(orig.proceeding). Any doubts regarding waiver are resolved in favor of arbitration. *In re Bruce Terminix Co.*, 988 S.W.2d at 705.

Waiver may be express or implied, but it must be intentional. *EZ Pawn Corp.*, 934 S.W.2d at 89; *Williams Indus., Inc.*, 110 S.W.3d at 135. Whether waiver occurs depends on the individual facts and circumstances of each case. *Williams Indus., Inc.*, 110 S.W.3d at 135. A party does not waive arbitration merely by delay; instead, the party urging waiver must establish that any delay resulted in prejudice. *Prudential Secs., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex.1995). Waiver will be found only when (1) the party seeking arbitration has substantially invoked the judicial process and (2) the party opposing arbitration suffers actual prejudice as a result. *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *Williams Indus., Inc.*, 110 S.W.3d at 135.

### Substantially Invoking the Judicial Process

The Landwehrs argue that Southwind substantially invoked the judi-

cial process by conducting discovery, by seeking a continuance of the trial setting, and by asking the trial court to reset the case for trial. Courts will not find that a party has waived its right to enforce an arbitration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent's detriment. *In re Bruce Terminix Co.*, 988 S.W.2d at 704. Substantially invoking the judicial process may occur when the party seeking arbitration actively tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration. *Williams Indus., Inc.*, 110 S.W.3d at 135. Examples include moving for summary judgment or otherwise seeking a final judicial resolution of the dispute but failing to receive a satisfactory result. *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *In re Winter Park Constr., Inc.*, 30 S.W.3d 576, 579 (Tex.App.-Texarkana 2000, orig. proceeding). Substantially invoking the judicial process has also been defined as taking specific and deliberate actions after a suit has been filed that are inconsistent with the right to arbitrate. *Sedillo*, 5 S.W.3d at 827. The *Sedillo* court held that a party substantially invoked the judicial process by seeking a discharge of claims in the bankruptcy court before seeking arbitration of the claims. *Sedillo*, 5 S.W.3d at 827.

■ In this case, Southwind filed suit against the Landwehrs seeking to recover $32,000 that it allegedly had loaned to the Landwehrs in connection with their purchase of a home. Neither Southwind nor the Landwehrs contend that Southwind's affirmative claims for relief fall within the scope of the arbitration provision. Southwind did not substantially invoke the judicial process by filing suit on its nonarbitrable claims.

The Landwehrs filed their counterclaim for breach of the employment agreement.

Southwind did not move for summary judgment or otherwise seek a final judicial resolution of the Landwehrs' claims before moving the trial court to compel arbitration. The Landwehrs filed a motion for summary judgment on Southwind's claims, and Southwind responded to the motion. Southwind did not substantially invoke the judicial process by responding to the Landwehrs' motion for summary judgment for at least two reasons. First, the Landwehrs' motion covered Southwind's nonarbitrable claims. Second, Southwind did not file a motion for summary judgment seeking a judicial resolution of any claims. Southwind merely responded to the Landwehrs' motion for summary judgment.

■ A party does not substantially invoke the judicial process merely by participating in discovery. *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *In re Nasr*, 50 S.W.3d 23, 27 (Tex.App.-Beaumont 2001, orig. proceeding). However, pursuing extensive discovery may substantially invoke the judicial process. *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 522 (Tex.App.-Austin 1998, no pet.). Southwind and the Landwehrs exchanged written discovery and took depositions before Southwind sought to compel arbitration. The record shows that Southwind sent the Landwehrs a request for disclosure, a request for admissions, and two requests for production. The record does not contain copies of the written discovery or the depositions. Without copies of the discovery, the record does not demonstrate the extent of the discovery undertaken by the parties or the extent of discovery related to the Landwehrs' claims. Thus, the record does not show that Southwind engaged in extensive discovery related to the Landwehrs' claims.

The discovery in this case is similar to the discovery in *Nasr*. The *Nasr* court held that the party seeking arbitration did

not substantially invoke the judicial process by participating in discovery. *In re Nasr*, 50 S.W.3d at 27. Likewise, we find that Southwind did not substantially invoke the judicial process by participating in discovery.

Southwind moved for a continuance of a trial setting and requested a new trial setting. These actions did not seek a resolution of the merits of the Landwehrs' claims. Southwind did not try to obtain a satisfactory result on the Landwehrs' claims in the trial court before moving to compel arbitration. Southwind did not substantially invoke the judicial process.

*Actual Prejudice*

 Even if Southwind's actions had substantially invoked the judicial process, the Landwehrs did not meet their heavy burden of showing that they were prejudiced by those actions. In determining the prejudice issue, courts focus on such things as (1) the movant's access to information that is not discoverable in arbitration and (2) the opponent's incurring costs and fees due to the movant's actions or delay. *Williams Indus., Inc.*, 110 S.W.3d at 135. The Landwehrs claim that they incurred substantial litigation costs and expenses as a result of Southwind's delay in moving to compel arbitration.

In Section 9.04 of the employment agreement, the parties agreed to arbitrate under the rules of the American Arbitration Association. Those rules permit the arbitrator to allow discovery. *See In re Bruce Terminix Co.*, 988 S.W.2d at 704–05; *Williams Indus., Inc.*, 110 S.W.3d at 140. The Landwehrs did not identify any discovery obtained by Southwind in the trial court that Southwind would not have been entitled to receive in arbitration. The Landwehrs did not present any evidence of the expenses relating to litigation of their claims in the trial court. The record does not demonstrate that the Landwehrs in-

curred any expenses in litigating their claims that they would not have incurred in arbitration. The record does not establish that the Landwehrs were prejudiced by Southwind's actions.

The trial court erred in denying Southwind's motion to compel arbitration of the Landwehrs' claims. We sustain Southwind's issue in Cause No. 11–05–00247–CV.

*This Court's Ruling*

In Cause No. 11–05–00247–CV, we reverse the trial court's order and remand the cause with instructions for the trial court to compel arbitration of the Landwehrs' claims against Southwind. In Cause No. 11–05–00324–CV, we deny Southwind's petition for writ of mandamus.