Opinion filed January 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 10,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00349-CV

                                                    __________

 

                                              IN RE JOE CASTRO

                                                              



 

                                                Original
Mandamus Proceeding

                                                                              



 

                                                                   O
P I N I O N

In
this mandamus proceeding, Joe Castro challenges the trial court=s order granting Bulldog
Constructors of Texas, Inc.=s
motion to compel arbitration.  Castro asserts (1) that Bulldog failed to
establish that an agreement to arbitrate existed and (2) that, in the event an
agreement to arbitrate existed, Bulldog waived its right to arbitrate.  We
conclude that Bulldog waived its right to arbitrate.  We conditionally grant
the petition for writ of mandamus. 

                                                                    Background

Castro
and Bulldog entered into a contract relating to the construction of a
building.  Castro denies that the contract contained an arbitration provision. 
Bulldog contends that the contract contained the following provision: 

9. 
It is expressly agreed between the parties that in the unlikely event of a
dispute of any nature relating to this Contract arising between them, that it
will be submitted to the American Arbitration Association for binding
arbitration, under the Construction Industry Rules.

 








On
March 26, 2004, Castro filed this cause against Bulldog in the trial court. 
Castro alleged breach of contract and other claims against Bulldog.  On May 11,
2004, Bulldog filed its original answer in this cause.  On February 8, 2005,
Bulldog filed its first amended original answer.  Bulldog included a plea in
abatement in the amended answer.  Bulldog asserted in the plea in abatement
that the contract between Castro and it required Castro to submit his claims to
the American Arbitration Association for binding arbitration.  Bulldog
requested that the trial court enter an order Aabating
this case until [Castro] has met all conditions precedent to proceeding with
this suit and exhausted the remedies available to him pursuant to the terms of
the Contract.@

On
May 11, 2005, the trial court conducted a hearing on Bulldog=s plea in abatement.  At
the hearing, Castro and Bulldog agreed to mediate the case.  In light of the
parties= agreement to
mediate the case, the trial court questioned whether Bulldog=s plea in abatement could
be carried along.  The following exchange occurred in response to the trial
court=s question:

[CASTRO=S COUNSEL]: We we B well, your Honor, if at
some point in time we are going to come back and hear this, I would rather just
go ahead and deal with it now, I mean we certainly can agree to mediate or the
Court can order us to mediate.  That is not a problem.  But if we do not settle
in mediation and we are going to come back later on, you know, on the
arbitration issue, then I would rather it be settled today.

  

[THE
COURT]: Well, do you want [to] hear the abatement issue today?

 

[CASTRO=S COUNSEL]: Well, you
Honor, that is still going to be a live issue that is unresolved, I hope we do
settle it in mediation but in the event that we do not, if we have to come back
later on, you know to litigate this same issue, I would rather just get done
with it now and just go on.

  

[THE
COURT]: Yes, I will, that is fine.

 

[BULLDOG=S COUNSEL]: Judge, as far
as [Bulldog] is concerned, this mediation order and agreement that we are
making today, if that is the order of the Court, we are waiving arbitration
language in the contract by agreeing to mediate.  I see no reason to come back
here later and then argue, no we did not arbitrate, when we have already
mediated the case.

 

[CASTRO=S COUNSEL]: All right, in
light of that stipulation, your Honor, we certainly then can pass on this.  The
Plea in Abatement then is a moot issue.  Because it is waived, we agree to
mediate...








 

The trial court
did not announce a ruling on Bulldog=s
plea in abatement.  The trial court entered an order referring this cause to
mediation.  In the order, the trial court did not refer to Bulldog=s plea in abatement. 

The
parties mediated this cause but did not reach a settlement.  The parties
exchanged written discovery and took depositions.  On December 11, 2006, Castro
filed a motion to strike Bulldog=s
answer based, in part, on the contention that Bulldog had failed to timely
respond to Castro=s
request for admissions, request for disclosure, and request for production of
documents.  On December 15, 2006, the trial court entered an order striking
Bulldog=s answer.  On
December 29, 2006, Bulldog filed a motion requesting the trial court to
reinstate its answer.  In the motion, Bulldog stated that A[it was] willing to go
forward with the trial of this cause at the Court=s
discretion in the event the court will reinstate [Bulldog=s] Answer and Amend its
Order Deeming Facts admitted.@ 
On February 2, 2007, the trial court entered an order granting Bulldog=s motion to reinstate its
answer.  On the same date, the trial court entered a scheduling order in this
cause.  In the scheduling order, the trial court set this cause for trial on
August 14, 2007, and established deadlines for various matters.  On
March 13, 2007, Bulldog filed a motion for a docket control order.  On May
8, 2007, the trial court considered Bulldog=s
request to extend the deadline for filing dispositive motions and pleadings. 
In response to Bulldog=s
request, the trial court extended the deadline for filing dispositive motions
and pleadings to June 5, 2007.








The
parties appeared for the scheduled jury trial on August 14, 2007.  After the
trial court seated the jury venire panel, Bulldog filed its motion to compel
arbitration.  The trial court heard Bulldog=s
motion outside of the presence of the jury venire panel.  Castro testified that
he signed a two-page contract.  Castro identified Plaintiff=s Exhibit No. 1 as the
contract that he signed.  Plaintiff=s
Exhibit No.1 did not contain an arbitration provision.  Castro acknowledged
during cross-examination that page two of the contract he signed included a
provision that the terms and conditions printed on the back of the contract
were, by agreement of the parties, incorporated into the contract.  However,
Castro testified that he did not recall seeing a third page of the contract. 
He also said that he did not take time to look at the contract.  Gary Mack
Jones signed the contract on behalf of Bulldog.  He said that the contract he
signed was a three-page document and that he signed it in the presence of Castro. 
Jones said that he reviewed all three pages of the contract with Castro. 
Bulldog introduced a copy of the three-page contract into evidence as Defendant=s Exhibit No. 17. The third
page of Defendant=s
Exhibit No. 17 was entitled ATERMS
AND CONDITIONS@ and
included the above-quoted arbitration provision.  Jones testified that Bulldog
would not have entered into an agreement if the Aterms
and conditions@ page
had not been included in the contract.

The
trial court took Bulldog=s
motion under advisement and excused the jury venire members.  On October 9,
2007, the trial court entered its order granting Bulldog=s motion to compel arbitration.

                                                                         Issues

Castro
asserts that Bulldog failed to prove that an agreement to arbitrate existed. 
Alternatively, Castro asserts that, if the contract contained an arbitration
provision as claimed by Bulldog, then Bulldog waived its right to arbitrate.[1]

                                                           Agreement
to Arbitrate

A
party seeking to compel arbitration must first prove that an arbitration
agreement exists and that the claims asserted fall within the scope of the
agreement.  In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999) (orig. proceeding);  Southwind Group, Inc. v. Landwehr, 188 S.W.3d
730, 735 (Tex. App.CEastland
2006, no pet.).  Based on Jones=s
testimony (1) that he signed the three-page contract in Castro=s presence and (2) that he
reviewed all three pages of the contract with Castro, the trial court could
have reasonably concluded that Castro and Bulldog entered into the three-page
contract that included the arbitration provision.  Based on the claims asserted
by Castro in his petition, the trial court also could have reasonably concluded
that Castro=s claims
fell within the scope of the arbitration provisions.  Therefore, Bulldog
presented sufficient evidence to prove that an agreement to arbitrate existed
and that the claims asserted fell within the scope of the agreement.          








Waiver
Defense to Arbitration

Because
Bulldog carried its initial burden, the burden shifted to Castro to present
evidence on his waiver defense to the arbitration agreement.  Southwind
Group, 188 S.W.3d at 735; Williams Indus., Inc. v. Earth Dev. Sys. Corp.,
110 S.W.3d 131, 134 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  The standard for determining waiver of the right
to arbitration is the same under both the FAA and the TAA.[2] 
Southwind Group, 188 S.W.3d at 735; Brown v. Anderson, 102 S.W.3d
245, 250 (Tex. App.CBeaumont
2003, pet. denied); Sedillo v. Campbell, 5 S.W.3d 824, 826 (Tex. App.CHouston [14th Dist.] 1999,
no pet.).  Whether a party has waived its right to arbitrate presents a
question of law we review de novo.  Oakwood Mobile Homes, 987 S.W.2d at
574; Southwind Group, 188 S.W.3d at 735; Williams Indus., 110
S.W.3d at 136.  Because public policy favors arbitration, there is a strong
presumption against finding that a party has waived its right to arbitration;
the burden to prove waiver is thus a heavy one.  In re Bruce Terminix Co.,
988 S.W.2d 702, 704-05 (Tex. 1998) (orig. proceeding); EZ Pawn Corp. v.
Mancias, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding); Southwind
Group, 188 S.W.3d at 735.  Any doubts regarding waiver are resolved in
favor of arbitration.  Bruce Terminix, 988 S.W.2d at 705; Southwind
Group, 188 S.W.3d at 735.

Waiver
may be expressed or implied, but it must be intentional.  EZ Pawn, 934
S.W.2d at 89; Southwind Group, 188 S.W.3d at 735.  Whether waiver occurs
depends on the individual facts and circumstances of each case.  Southwind
Group, 188 S.W.3d at 735; Williams Indus., 110 S.W.3d at 135.  A
party does not waive arbitration merely by delay; instead, the party urging
waiver must establish that any delay resulted in prejudice.  Prudential
Sec., Inc., v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995); Southwind
Group, 188 S.W.3d at 735.  Waiver will be found only when (1) the party
seeking arbitration has substantially invoked the judicial process and (2) the
party opposing arbitration suffers actual prejudice as a result.  Bruce
Terminix, 988 S.W.2d at 704; Southwind Group, 188 S.W.3d at 735.








Substantially
invoking the judicial process has been defined as taking specific and
deliberate actions after a suit has been filed that are inconsistent with the
right to arbitrate.  Williams Indus., 110 S.W.3d at 135; Sedillo,
5 S.W.3d at 827.  A party does not substantially invoke the judicial process
merely by participating in discovery.  Bruce Terminix, 988 S.W.2d at
704; In re Nasr, 50 S.W.3d 23, 27 (Tex. App.CBeaumont 2001, orig. proceeding).  However,
pursuing extensive discovery may substantially invoke the judicial process.  Nationwide
of Bryan, Inc. v. Dyer, 969 S.W.2d 518, 522 (Tex. App.CAustin 1998, no pet.).

Castro
filed this cause on March 26, 2004.  Bulldog waited until August 14, 2007 B the date this cause was
scheduled for jury trial B
to file its motion to compel arbitration.  During the approximate forty-one
month period between March 26, 2004, and August 14, 2007, Bulldog took a number
of deliberate and specific actions that were inconsistent with its right to
arbitrate.  At the hearing on May 11, 2005, Bulldog=s counsel stated that Bulldog was waiving the
arbitration language in the contract.  On December 15, 2006, the trial court
entered an order striking Bulldog=s
answer. In response to the trial court=s
order, Bulldog filed a motion to reinstate its answer.  By filing the motion,
Bulldog took an additional action that was inconsistent with its right to
arbitrate.  Specifically, Bulldog stated in the motion that it was willing to
go forward with the trial of this cause if the trial court reinstated its
answer and amended an earlier order deeming facts admitted.  Bulldog took other
actions that were inconsistent with its right to arbitrate.  For example, on
March 13, 2007, Bulldog filed a motion requesting the trial court to enter a
docket control order.  Bulldog also requested the trial court to extend the
deadline for filing dispositive motions and pleadings.  In response to Bulldog=s request, the trial court
extended the deadline to June 5, 2007.  The record shows that Bulldog served
discovery requests on Castro and took Castro=s
deposition.  Bulldog also filed a motion to compel Castro to fully respond to
its requests for production and requests for disclosure.  The trial court
conducted a hearing on Bulldog=s
motion to compel and denied the motion.  Bulldog=s
actions substantially invoked the judicial process.








A
party opposing arbitration may establish that it suffered actual prejudice by
showing that it incurred costs and fees due to the movant=s actions or delay.  Interconex,
Inc. v. Ugarov, 224 S.W.3d 523, 534 (Tex. App.CHouston [1st Dist.] 2007, no pet.); Williams
Indus., 110 S.W.3d at 135; Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d
494, 499-500 (Tex. App.CSan
Antonio 2000, orig. proceeding).  Bulldog waited until the day of the jury
trial to file its motion to compel arbitration.  The record demonstrates that
Castro and his counsel had to prepare for trial because of Bulldog=s delay in filing the
motion.  At the hearing on Bulldog=s
motion, Castro=s
counsel testified regarding the costs and fees incurred by Castro as a result
of Bulldog=s delay. 
Castro=s counsel said
that he had spent Ano
less than twenty hours the last three days in preparation for this trial.@  He also said that his
hourly rate was $200 and that, therefore, Castro had incurred, at the minimum,
a cost of $4,000.  The evidence established that Castro suffered actual
prejudice as a result of Bulldog=s
actions or delay.  Castro=s
counsel also filed an affidavit in response to Bulldog=s motion to compel arbitration. In the
affidavit, Castro=s
counsel stated that the amount of $31,650 would be a reasonable attorney=s fee for services rendered
from May 11, 2005, until August 14, 2007, and that Castro had incurred expenses
in the amount of $3,313.21 from May 11, 2005, until August 14, 2007.  The
affidavit of Castro=s
counsel provided additional evidence showing prejudice to Castro as a result of
Bulldog=s delay in
seeking arbitration.

Bulldog
waived its right to arbitration.  Therefore, the trial court abused its
discretion in granting Bulldog=s
motion to compel arbitration.

                                                               This
Court=s Ruling

We
conditionally grant the petition for writ of mandamus.  The trial court is
directed to vacate its AOrder
Granting Defendant=s
Motion to Compel Arbitration@
and to enter a new order denying Bulldog=s
motion to compel arbitration.  In the event the order is not vacated, a writ of
mandamus will issue.

 

 

TERRY McCALL

JUSTICE 

January 10, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Neither Castro nor Bulldog addresses
whether the Texas Arbitration Act or the Federal Arbitration Act would apply to
such an arbitration provision.  Jurisdiction in this cause does not depend on
whether the TAA or the FAA applies.  Castro seeks mandamus relief from the
trial court=s order granting Bulldog=s motion to compel arbitration.  A[W]hen reviewing an order granting
a motion to compel arbitration, mandamus is appropriate whether the FAA or the
TAA applies.@  In re Wolff, 231 S.W.3d
466, 467 (Tex. App.CDallas 2007, orig. proceeding). 
Thus, we conclude that we have mandamus jurisdiction over this proceeding.  

 





[2]9 U.S.C. ''
1-16; Tex. Civ. Prac. & Rem. Code
Ann. ch. 171 (Vernon 2005).