Opinion filed March 6, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 6, 2008

 

 

 

 

                                                                        In The

    Eleventh Court of Appeals

                                                                 ____________

                                                          No. 11-07-00276-CV 

                                                     __________

                            IN RE ADVANTA BANK CORPORATION



Original Mandamus Proceeding



 

No. 11-07-00315-CV 

____________

                       IN RE PHILLIPS & COHEN ASSOCIATES,
LTD.

 



Original Mandamus Proceeding



 

                                             M
E M O R A N D U M   O P I N I O N 

The
trial court denied Advanta Bank Corporation=s
motion to compel arbitration.[1]  It also
denied a motion to compel arbitration filed by Phillips & Cohen Associates,
Ltd.  In their petitions for writ of mandamus, Advanta and Phillips & Cohen
ask this court to order the trial court to grant their motions and compel
arbitration.  We conditionally grant the writs.








Background
Facts

Charles
Watlington owned Mustang Oil Change in Nolan County.  Advanta issued a business
credit card to Watlington.  Watlington later sold Mustang Oil to Vernon
Stutts.  Watlington alleges that he closed the Advanta account when he sold to
Stutts and that he paid the account in full. Nevertheless, Stutts continued to
make charges to the credit card.  Watlington later received a call from a
representative of Advanta, and he learned that there was a balance of about
$12,000 owing on the account.  Watlington says that he told the representative
that he had paid the entire balance due on the account and had closed it.  He
also told the representative that he had not authorized any additional charges
to the account.  It is Watlington=s
position that Advanta, or those acting under and for it, including Phillips
& Cohen, began to harass him and to threaten him regarding payment of the
account.

On
September 21, 2005, Watlington sued Advanta, Phillips & Cohen, and Stutts
in Nolan County.  Basically, Watlington alleged various causes of action
against Advanta and Phillips & Cohen under the Deceptive Trade Practices
Act[2]
and under the Debt Collection Act.[3]  His suit
also contained claims against Advanta, Phillips & Cohen, and Stutts for
common-law fraud.

In
April 2006, in a state court in Utah, Advanta sued Watlington on the debt.  In
August 2006, Advanta recovered a default judgment against Watlington for
$16,651.09.  Subsequently,  both Advanta and Phillips & Cohen filed motions
to compel arbitration of the claims made by Watlington in his Nolan County
lawsuit.  The trial court denied the motions.

Claims
of Advanta

Mandamus
relief is appropriate when a party is denied, wrongfully, the right to arbitrate
under the Federal Arbitration Act.[4]  In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 575 (Tex. 1999) (orig.
proceeding).  A writ of mandamus will issue to correct a clear abuse of
discretion or when a court has violated a duty imposed by law or when the abuse
cannot be remedied by an appeal.   Jack B. Anglin Co., Inc. v. Tipps,
842 S.W.2d 266, 272 (Tex. 1992).








When
a party seeks to compel arbitration, that party must establish that there is an
arbitration agreement and that the claims asserted come within the scope of
that agreement.  Oakwood Mobile Homes, 987 S.W.2d at 573.  Both DTPA
claims and claims under the Texas Debt Collection Act are subject to the
Federal Arbitration Act.  In re Conseco Fin. Servicing Corp., 19 S.W.3d
562 (Tex. App.CWaco
2000, orig. proceeding).  For purposes of this original proceeding, it is not
disputed that the business credit card agreement between Advanta and Watlington
contained an arbitration clause in accordance with the Federal Arbitration
Act.  Further, for purposes of this proceeding, there have been no claims that
the matters alleged by Watlington in the Nolan County lawsuit against Advanta
are not within the scope of the arbitration clause.  The claim is that Advanta
waived its right to arbitration. 

Although
there are various ways in which a party can waive its right to arbitrate a
claim,  Watlington=s
only claim was that Advanta waived its right to insist upon the arbitration
clause because it filed the Utah lawsuit and thereby substantially invoked the
judicial process to Watlington=s
actual prejudice.  The trial court agreed.

If
a party seeking arbitration substantially has invoked the judicial process and
if the party opposing arbitration suffers actual prejudice as a result, then
the right to arbitrate has been waived.  Southwind Group, Inc. v. Landwehr,
188 S.W.3d 730, 735 (Tex. App.CEastland
2006, no pet.).  Because public policy favors arbitration of claims, there is a
strong presumption against the waiver of a right to arbitration.  In re
Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding).  It
is Watlington=s burden
to establish the elements of his waiver claim, that being (1) that Advanta
substantially invoked the judicial process and (2) that he suffered actual
prejudice as a result, Southwind Group, 188 S.W.3d at 735; the burden is
a heavy one.  Terminix, 988 S.W.2d at 705.  We resolve any doubts in
favor of arbitration.  Id. at 705.  Our review of the issue is a
question of law and is de novo.  Southwind Group, 188 S.W.3d at 735.








There
are two different classes of claims involved in this appeal as far as
Watlington and Advanta are concerned.  First, there are the claims that
Watlington filed in Nolan County, as plaintiff, against Advanta, as defendant. 
Secondly, there is the claim on the debt that Advanta filed against Watlington
in Utah.  The debt claim has never been a part of the Nolan County lawsuit, and
the claims raised by Watlington in Nolan County have never been made a part of
the Utah lawsuit.  Advanta apparently decided not to arbitrate its claim for
the debt against Watlington because it filed suit on that claim.  And,
apparently Watlington decided not to demand his right that the debt claim be submitted
to arbitration because he did nothing in the lawsuit on that claim in Utah.  On
the other hand, Advanta is asserting a right to arbitrate the separate and
distinct claims that Watlington made in the Nolan County lawsuit that he
instigated.[5]

The
claims in Nolan County are different from the one in Utah.  Some courts have
correctly described Asubstantially
invok[ing] the judicial process@
as taking specific and deliberate steps, after a suit has been filed, that are
inconsistent with the right to arbitrate.  See Sedillo v. Campbell, 5
S.W.3d 824, 827 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  We think that it is clear that, if Advanta had
not succeeded in its Utah lawsuit, then it could not have insisted on later
arbitrating that same claim.  Its actions would have been inconsistent with the
right to arbitrate its debt claim, and it would have substantially invoked the
judicial process.  Furthermore, one who has tried, but failed, in its
invocation of the judicial process should not be allowed then to try again in
the arbitration process.  The court in Terminix stated:  A[T]his is not a case in
which a party who has tried and failed to obtain a satisfactory result in court
then turns to arbitration.@ 
Terminix, 988 S.W.2d at 704; see also Williams Indus., Inc. v. Earth
Dev. Sys. Corp., 110 S.W.3d 131, 135 (Tex. App.CHouston [1st Dist.] 2003, no pet.); In re
Winter Park Const., Inc., 30 S.W.3d 576, 579 (Tex. App.CTexarkana 2000, no pet.). 
We hold that Advanta did not substantially invoke the judicial process as to
the claims that Watlington filed in the Nolan County lawsuit.

Furthermore,
even if it can be said that Advanta did substantially invoke the judicial
process as to the Nolan County claims when it filed suit on the debt claim in
Utah, Watlington has not met the heavy burden of showing actual prejudice.








When
courts determine the prejudice issue, the focus is on such matters as (1)
whether the one seeking to arbitrate, after having substantially invoked the
judicial process, has gained access to information not discoverable in the
arbitration process and (2) whether the one seeking to establish waiver has
incurred costs and fees as a result of the proponent=s actions or delay.  Southwind Group,
188 S.W.3d at 737.  This burden generally involves the presentation of
evidence.  Williams Indus., 110 S.W.3d at 135.  There was no evidentiary
hearing held in this case.  General statements about the costs related to the
invocation of the judicial process are not sufficient to meet the heavy burden
related to a showing of actual prejudice. Pennzoil Co. v. Arnold Oil Co.,
30 S.W.3d 494, 499-500 (Tex. App.CSan
Antonio 2000, no pet.).

The
only prejudice that Watlington asserts is that a court in Utah entered a
judgment against him in the amount of the debt plus costs and attorney=s fees.  There is no
showing that he would not have had to pay these amounts in an arbitration
proceeding. Watlington failed to show the kind of actual prejudice required
when a party is called upon to establish costs and fees incurred by him as a
result of a proponent=s
actions or delay.  See Southwind Group, 188 S.W.3d at 737 (opponents of
arbitration did not present any evidence of the amount of any expenses in
litigating their claims that they would not have incurred in arbitration); Pennzoil
Co., 30 S.W.3d at 499-500 (opponent of arbitration failed to show the time
and expenses incurred as a result of the invocation of the judicial process); Williams
Indus., 110 S.W.3d at 140-41 (opponent failed to carry its burden of
showing actual prejudice because it presented no evidence  in support of
expenses directly related to actions of proponent of arbitration).  Watlington
did not establish actual prejudice.

The
contract in this case contained an agreement invoking the Federal Arbitration
Act.  No complaint is made regarding its scope.  Watlington has failed to
establish that Advanta waived its right to arbitrate the claims that Watlington
made in the Nolan County lawsuit.  Advanta is entitled to have those claims
submitted in arbitration.  We conditionally grant Advanta=s petition for writ of
mandamus.  However, the writ will issue only if the trial court does not enter
its order compelling arbitration of Watlington=s
Nolan County claims against Advanta.

Claims
of Phillips & Cohen

Because
Phillips & Cohen was not a party to the contract between Watlington and
Advanta, Watlington maintains that Phillips & Cohen is not entitled to arbitrate
the claims he made against it in Nolan County.  Nonsignatories to a contract
have been allowed to enforce arbitration clauses in limited situations.  In
re Rolland, 96 S.W.3d 339, 344 (Tex. App.CAustin
2001, no pet.).  Watlington maintains that his claims against Phillips &
Cohen are not the type that fall within those limited situations.  He cites us
to Rolland, which sets forth some of those exceptions.  See id. 
For purposes of this opinion, we will agree that there is no showing that,
while Advanta had engaged Phillips & Cohen to assist in collecting the
debt, there was any assignment of the agreement from Advanta to Phillips &
Cohen.








While
Watlington is correct that this case does not fall within many of the
exceptions set forth in Rolland, we are reminded that arbitration is a
contract matter.  If the parties to a contract, by that contract, confer
contractual rights upon a third party, that third party may invoke an
arbitration provision in a contract.  Id.

In
this case, Advanta and Watlington signed an agreement that contained the
following provisions:

35. 
ARBITRATION DISCLOSURE: By applying for credit with us or using your Account,
you agree that if a dispute of any kind arises out of your application for
credit or out of the existence or use of this Agreement or your Account, either
you or we or any other party that may be involved can choose to have that
dispute resolved by binding arbitration.  If arbitration is chosen, it will be
conducted pursuant to the Code of Procedure of the National Arbitration Forum.
. . .  IF ANY PARTY TO ANY SUCH DISPUTE CHOOSES ARBITRATION, NEITHER YOU NOR WE
OR ANY OTHER PARTY WILL HAVE THE RIGHT TO LITIGATE OR APPEAR IN COURT BEFORE A
JUDGE OR JURY, OR TO ENGAGE IN DISCOVERY EXCEPT AS PROVIDED IN THE ARBITRATION
RULES. . . .

 

36. 
ARBITRATION PROVISION: Any claim, dispute or controversy (whether stated in
contract, tort, or otherwise) arising from or relating to the Account or this
Agreement or the relationships that led up to or result from this Agreement,
including, without limitation, any advertisements, promotions, and oral or
written statements related to your Account, any application for credit and any
prior agreements between you and us, and any claim concerning the applicability
or validity of this Arbitration Provision or of this Agreement, no matter by or
against whom the claim is made, whether by or against either you or us or (to
the full extent permitted by law) by or against any employees, agents, representatives
or assigns of either you or us or any involved third party (a AClaim@), shall, at the election
of you or us or any such third party, be resolved by binding arbitration
pursuant to this Arbitration Provision. . . .

 

Arbitration
can be elected at any time on any Claim, regardless of whether a lawsuit has
been filed in court (unless that suit has resulted in a judgment), and a party
who has asserted a Claim in a lawsuit in court may elect arbitration with
respect to that Claim and/or to any Claim(s) subsequently asserted in that
lawsuit by any party. 

 








Because
arbitration is a contract matter, a party can be forced to arbitrate a dispute
if it has agreed to arbitrate it.  Id. at 345.  Here, Watlington agreed. 
The arbitration provision in the contract between Advanta and Watlington is
broadly written.  Unlike many circumstances in which the contract addresses
only the arbitration rights of the parties to it, Watlington and Advanta agreed
in this contract that the arbitration provisions of the agreement would apply
to third parties such as Phillips & Cohen on claims such as those asserted
by Watlington.  Watlington=s
claims against Phillips & Cohen arise from his agreement with Advanta, and
because Watlington agreed that such third-party disputes could be submitted to
arbitration, Phillips & Cohen is entitled to have Watlington=s claims against it
submitted to arbitration.  We conditionally grant Phillips & Cohen=s petition for writ of
mandamus.  However, the writ will issue only if the trial court does not enter
its order compelling arbitration of Watlington=s
Nolan County claims against Phillips & Cohen.

Watlington=s claims against Stutts
remain pending on the docket of the trial court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 6, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We originally found an order by which the trial court
denied the motion to compel filed by Phillips & Cohen.  We could find no
order whereby the trial court denied a like motion filed by Advanta.  Under the
provisions of Tex. R. App. P.
44.4, we abated this case and directed the trial court to enter an order either
granting or denying Advanta=s motion to
compel arbitration.  The trial court entered an order denying Advanta=s motion.  These appeals have been reinstated.





[2]Tex. Bus. & Com. Code Ann. ch. 17 (Vernon 2002 & Supp. 2007).





[3]Tex. Fin. Code Ann. ch. 392 (Vernon 2006).





[4]9 U.S.C. ''
1-16.





[5]We do not address the effect, if any, of Tex. R. Civ. P. 97 because no issue has
been raised under that rule.