**DISSENT; Opinion Filed August 21, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-01149-CV

**DALLAS EXCAVATION SYSTEMS, INC., EDUARDO CHAVEZ, AND ANTONIO CASTREJON, Appellants**

**V.**

**VICTOR ALEXANDER ORELLANA, DORA ALICIA ORELLANA, DEL REY SPORTS BAR LLC, AND REY'S SPORTS BAR LLC, Appellees**

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-22-11298

## DISSENTING OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Because I believe appellants did not substantially invoke the judicial process and waive their right to arbitration, I dissent from the majority's judgment. I do not disagree with the majority's recitation of the facts, and I similarly agree with the majority's discussion of the standard of review and would add the following.

Both Texas policy and federal policy favor arbitration. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Thus, courts "resolve any doubts about an arbitration agreement's scope in favor of arbitration." *Id.* (quoting *In re FirstMerit*

*Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding)). Further, courts focus on the factual allegations and not on the legal causes of action asserted. *Id.* The presumption in favor of arbitration "is so compelling that a court should not deny arbitration '*unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue.'" *Id.* (quoting *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding) (per curiam) (emphasis in original)).

"Motions to compel arbitration are ordinarily decided in summary proceedings 'on the basis of affidavits, pleadings, discovery, and stipulations.'" *GJ Partners, LTD. v. Cima Contractors, LLC*, No. 05-18-01412-CV, 2020 WL 400180, at *3 (Tex. App.—Dallas Jan. 23, 2020, pet. denied) (mem. op.) (quoting *Kmart Stores of Tex., L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex. App.—El Paso 2016, pet. denied after merits briefing)).

A party seeking to compel arbitration must establish two things: (1) the existence of a valid arbitration agreement and (2) the disputed claim falls within the scope of that agreement. *See Wagner v. Apache Corp.*, 627 S.W.3d 277, 284 (Tex. 2021). Although there is a strong presumption favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *See id.* Once the validity of an agreement is established, the presumption applies to determine an agreement's scope. *Id.*

–2–

After the party seeking to compel arbitration satisfies its initial evidentiary burden, the burden shifts to the party seeking to avoid arbitration to raise an affirmative defense to the enforcement of the otherwise valid arbitration provision. *See Haddington Fund, LP v. Kidwell*, No. 05-19-01202-CV, 2022 WL 100111, at *4 (Tex. App.—Dallas Jan. 11, 2022, pet. denied) (mem. op.). Generally applicable contract defenses under state law—such as fraud, duress, or unconscionability—may be applied to invalidate arbitration agreements. *Id.* at *5. Because of the strong policy favoring arbitration, any doubts in determining whether the defendant met its burden to prove an affirmative defense must be resolved in favor of arbitration. *Id.* (citing *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 177 (Tex. App.—Dallas 2013, no pet.)). In the absence of a valid defense, the trial court has no discretion— it must compel arbitration and stay its own proceedings. *Id.* at *4.

As for the majority's discussion of whether a *Tipps* hearing occurred and whether appellants established a valid arbitration provision exists, I would conclude they did as further discussed below.

I. **Appellants Met Their Initial Burden to Establish a Valid Arbitration Agreement Exists and that the Claims in Question Are Within the Scope of the Agreement**

As mentioned above, appellants supported their motion to compel arbitration with a copy of the Company Agreement. Admittedly, the motion did not include any affidavit or sworn declaration authenticating it. However, the Company Agreement is signed by Victor Orellana, Dora Orellana, Eduardo Chavez, and

Antonio Castrejon and includes a notary's acknowledgment stating those individuals personally appeared before the notary and executed the Company Agreement. Additionally, at the hearing on the motion to compel, Castrejon testified he was one of the persons whose name appears on the Company Agreement and that he recognized the signatures of the other signatories as belonging to the others who signed the Company Agreement. Counsel for appellees cross-examined Castrejon regarding whether he spoke to Dora Orellana in Spanish and whether she speaks English. In their response filed in the trial court and their brief on appeal, appellees did not dispute the existence of the Company Agreement or the arbitration provision therein. Nor did appellees offer any evidence to cause the trial judge to question the existence or validity of the Company Agreement.

As for whether the claims fall within the scope of the arbitration provision, I would conclude they did. The arbitration provision states that "[t]he Parties hereto agree that any and all disputes, claims, or controversies arising out of or relating to this Agreement . . . will be submitted to final and binding arbitration." The Company Agreement further states that the purpose of Del Rey's is to operate a "Full-Service Restaurant." Appellants' claims include that of DES against Victor Orellano to recover unpaid loan amounts, as well as those of appellants against appellees to recover unpaid loan amounts to fund Del Rey's and the Restaurant's operations, to wind up and terminate Del Rey's, and appellees' counterclaims against appellants for misrepresentations regarding the formation and operation of

Del Rey's. In their motion to consolidate the lawsuits, appellees urged financial disputes alleged in the initial lawsuit to recover unpaid loan amounts from Victor Orellano "arise from the identical transactions, events, and course of conduct as asserted" in the later lawsuit. Accordingly, I would treat the claims and counterclaims as arising out of or relating to the formation and operation of Del Rey's and the Restaurant.[1]

Based on the evidence and the record before this Court, I would conclude appellants established a valid arbitration agreement exists and that the claims in question are within the scope of the agreement such that a presumption arises in favor of arbitrating those claims and that appellees had the burden to prove a defense to arbitration. *See Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015).

---

[1] To the extent the scope of the arbitration provision was disputed at the trial court, I note that the arbitration provision provided that "arbitration will be conducted in accordance with the provisions of [Judicial Arbitration and Mediation Service (JAMS)]' Comprehensive Arbitration Rules and Procedures." By this language, the parties incorporated the JAMS rules into their arbitration agreement, and thus the rules are binding, at least absent any conflict between the Company Agreement and the rules. *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC*, 667 S.W.3d 694, 709 (Tex. 2023) (interpreting agreement language expressly stating arbitration must be conducted "*in accordance with* the rules of the AAA" to mean the parties incorporated the AAA rules into their arbitration agreement) (emphasis in original). "Under the JAMS rules, the arbitrator has the authority to arbitrate '[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration.'" *Sunnova Energy Corp. v. Spruce Lending, Inc.*, No. 14-19-00438-CV, 2021 WL 1881368, at *3 (Tex. App.—Houston [14th Dist.] May 11, 2021, pet. dism'd) (mem. op.) (citing JAMS Comprehensive Arbitration Rule 11(b), https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-11 (last visited Apr. 14, 2021); JAMS Streamlined Arbitration Rule 8(b), https://www.jamsadr.com/rules-streamlined-arbitration/#Rule8 (last visited Apr. 14, 2021)). Accordingly, I would conclude the parties delegated any dispute regarding scope of the arbitration provision to the arbiter.

## II. Appellants Did Not Waive Their Right to Arbitration by Substantially Invoking the Judicial Process

In their second issue, appellants argue appellees failed to establish that appellants waived their right to arbitration by substantially invoking the judicial process.[2]

Whether a party waived its right to arbitrate is a question of law. *Sivanandam v. Themesoft, Inc.*, No. 05-21-00645-CV, 2022 WL 872623, at *2 (Tex. App.—Dallas Mar. 24, 2022, pet. denied) (mem. op.) (citing *Henry*, 551 S.W.3d at 115). A party waives the right to compel arbitration if (1) the party substantially invokes the judicial process and (2) the opposing party suffers detriment or prejudice as a result. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008) (party cannot substantially invoke litigation process and then switch to arbitration on the eve of trial); *La.-Pac. Corp. v. Newport Classic Homes, L.P.*, No. 05-21-00303-CV, 2023 WL 3000579, at *6 (Tex. App.—Dallas Apr. 19, 2023, no pet.) (mem. op.). The judicial process is substantially invoked when the party seeking arbitration has taken

---

[2] In their first issue, appellants argue appellees failed to establish any affirmative defense precluding enforcement of the arbitration agreement. "[U]nder Texas law, as with any other contract, agreements to arbitrate are valid unless grounds exist at law or in equity for revocation of the agreement. The burden of proving such a ground—such as fraud, unconscionability or voidness under public policy—falls on the party opposing the contract." *See Lopez*, 467 S.W.3d at 500 (quoting *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008) (orig. proceeding)). Appellees offered no evidence that established any of their defenses. *See Alarcon Constr. Grp. LLC v. Santoyo*, No. 05-21-00885-CV, 2022 WL 4923461, at *3 (Tex. App.—Dallas Oct. 4, 2022, no pet.) (mem. op.) (noting "party to an arms-length transaction is charged with the obligation of reading what he signs and, failing that, may not thereafter, without a showing of trickery or artifice, avoid the instrument on the ground that he did not know what he was signing" and that "[i]f a person is unable to read a contract, it is his duty to find some reliable person to read and explain it to him before he signs it.") (quoting *Micocina, Ltd. v. Balderas-Villanueva*, No. 05-16-01507-CV, 2017 WL 4857017, at *5, 6 (Tex. App.—Dallas Oct. 27, 2017, no pet.) (mem. op.) (quoting *Thigpen v. Locke*, 363 S.W.2d 247, 251 (Tex. 1962)). Accordingly, I would sustain appellants' first issue.

specific and deliberate actions, after the filing of the suit, that are inconsistent with the right to arbitrate or has actively tried, but failed, to achieve a satisfactory result through litigation before turning to arbitration. *Pilot Travel*, 416 S.W.3d at 183 (citing *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding) (per curiam)). There is a strong presumption against waiver of arbitration, but it is not irrebuttable. *Perry Homes*, 258 S.W.3d at 584.

The substantial-invocation element requires the court to consider the totality of the circumstances. *Id.* at 591. The analysis involves numerous factors, including the following:

- whether the movant is a plaintiff or a defendant in the lawsuit;

- when the movant knew of the arbitration clause;

- how long the movant waited before seeking arbitration and any reasons for delay;

- how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitration or standing, and how much of it would be useful in arbitration;

- whether the movant sought judgment on the merits;

- whether the movant filed affirmative claims for relief in court;

- the amount of time and expense the parties have expended on litigation;

- whether the discovery conducted would be unavailable in arbitration;

- whether judicial activity would be duplicated in arbitration; and

- when the case was to be tried.

*RSL Funding LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam); *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015); *Perry Homes*, 258 S.W.3d at 591. Of course, all of these factors are rarely presented in a single case. *Perry Homes*, 258 S.W.3d at 591. Federal courts have found waiver based on a few, or even a single one. *Id.* (citing *Restoration Pres. Masonry, Inc. v. Grove Eur. Ltd.*, 325 F.3d 54, 62 (1st Cir. 2003) (finding three-year delay alone sufficient to establish waiver); *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) (finding removal to federal court alone sufficient to establish waiver)). Although substantial invocation must be decided on a case-by-case basis, in *Perry Homes*, the Texas Supreme Court suggested that the element would be satisfied if the movant conducted full discovery, filed motions going to the merits, and sought arbitration on the eve of trial. *Perry Homes*, 258 S.W.3d at 590. A party who enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils. *Id.* at 593.

Here, appellees point to the following facts as establishing that appellants substantially waived the judicial process and their alleged right to arbitration:

- Prior to filing either lawsuit, appellants sought judicial relief through the bankruptcy courts, and that proceeding was dismissed on September 8, 2022.

- Appellants waited approximately one year after filing the lawsuits to assert their right to arbitration.

- Appellants filed their motion to compel within sixty days of the trial date.

- Appellants engaged in the discovery process, both sending and answering discovery requests.

- Appellants requested hearings, appeared in court, amended their petition, and filed and responded to several motions.

Regarding appellants' suit in the bankruptcy courts before filing the instant suit in state court, I note that such action has been held insufficient to constitute waiver by the supreme court. *See, e.g.*, *In re Citigroup Glob. Mkts., Inc.*, 258 S.W.3d 623, 626 (Tex. 2008) (orig. proceeding) (per curiam) (movant's litigation conduct limited to jurisdictional transfers to federal and multi-district-litigation courts, not merits). And, where our Court has held a movant waived his right to arbitrate after filing a petition for involuntary bankruptcy of the non-movant, that case included additional circumstances not present here, including "(1) despite knowing about his right to arbitrate, he did not invoke it until 'thirteen months of extensive and fast-paced litigation' had occurred; (2) trial had been reset twice, both times at his request or as a result of his conduct; (3) he served almost two hundred merit-based discovery requests, none of which went to issues of arbitrability, and obtained over 5,000 pages of documents in response; (4) he sought and obtained orders from the court compelling discovery and protection from discovery sent to him; (5) he obtained injunctive relief from the trial court, the order of which stated that he was 'likely to prevail on the merits' and sought to hold another party in contempt of that order; (6) he filed a rule 12 motion to show authority and sought mandamus relief when it was

denied (relief that would have been unavailable in arbitration); and (7) paid a jury fee. *Haddington Fund, LP v. Kidwell*, No. 05-19-01202-CV, 2022 WL 100111, at *7 (Tex. App.—Dallas Jan. 11, 2022, pet. denied) (mem. op.) (citing *Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 646, 650 (Tex. App.—Dallas 2011, pet. denied)).

As for appellants' engagement in the discovery process, the appellate record is silent as to how much discovery was requested, how much was produced, or what the discovery was related to. *See Haddington Fund*, 2022 WL 100111, at *7 (citing *In re Vesta Ins. Grp.*, 192 S.W.3d at 763). Further, I note that after the trial court denied appellants' motion to compel, the parties filed a joint motion to continue trial: "Ample discovery still needs to occur in this case . . . ." Therefore, based on the appellate record, I would not conclude this factor weighs in favor of finding waiver. *See Perry Homes*, 258 S.W.3d at 590.

Appellants' conduct in requesting hearings, appearing in court, amending their petition, and filing and responding to several motions does not, on this record, constitute actions inconsistent with the right to arbitration or active—failed—attempts to achieve a satisfactory result through litigation before turning to arbitration. *See Pilot Travel*, 416 S.W.3d at 183 (citing *In re Vesta Ins. Grp.*, 192 S.W.3d at 763). The requested hearings were a rehearing on appellees' motion to consolidate, a hearing on appellants' motion to compel arbitration, and a hearing on appellants' motion to strike appellees' demand for jury trial. Appellants appeared in court for a hearing on appellees' motion for summary judgment and another

–10–

hearing on their motion to compel and to strike appellees' demand for jury trial. None of the requested hearings or appearances were appellants' attempt, failed or otherwise, to achieve a satisfactory result in litigation. *See Southwind Grp., Inc. v. Landwehr*, 188 S.W.3d 730, 736 (Tex. App.—Eastland 2006, no pet.) (holding movant did not substantially invoke judicial process by "merely" responding to non-movant's motion for summary judgment) (citing *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding) (per curiam); *see also Garg v. Pham*, 485 S.W.3d 91, 111 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding movant who "merely sought a hearing and opposed [non-movant's] motion [for summary judgment]" did not seek judgment on merits). Appellants filed an unopposed motion for continuance, but I would not conclude that such act weighs in favor of finding waiver. *See Tantrum St., LLC v. Carson*, No. 05-16-01096-CV, 2017 WL 3275901, at *7 (Tex. App.—Dallas July 25, 2017, no pet.) (mem. op.) (holding agreements to continue trial setting and extend discovery deadlines did not waive arbitration).

Finally, as to the delay in filing their motion to compel arbitration and doing so forty-nine days before the trial date, I would not conclude those weigh in favor of finding waiver of their right to arbitration on the record before us. Appellants filed suit on August 31, 2022, and their motion to compel arbitration on September 5, 2023, with an anticipated trial setting of October 23, 2023. To be sure, whether the movant has "sought arbitration only on the eve of trial" is part of our analysis of

–11–

waiver. *See La.-Pac. Corp.*, 2023 WL 3000579, at *7 (citing *Perry Homes*, 258 S.W.3d at 590). The rule that one cannot wait until "the eve of trial" to request arbitration is not limited to the evening before trial; it is a rule of proportion that is implicated here. *See Perry Homes*, 258 S.W.3d at 596. However, in finding waiver, courts have often interpreted "eve of trial" as far fewer than forty-nine days. *See, e.g.*, *Momentum Project Controls, LLC v. Booflies to Beefras LLC*, No. 14-22-00712-CV, 2023 WL 4196584, at *5 (Tex. App.—Houston [14th Dist.] June 27, 2023, pet. denied) (mem. op.) (holding two weeks before trial to be "eve of trial"); *Green v. Velocity Invs., LLC*, No. 05-20-00795-CV, 2022 WL 3655232, at *4 (Tex. App.—Dallas Aug. 25, 2022, no pet.) (mem. op.) (holding motion to compel filed on "eve of trial" after trial court conducted pretrial hearing and ordered trial to begin two days later); *Archimedes, Inc. v. Russell*, No. 01-21-00222-CV, 2022 WL 2024851, at *3 (Tex. App.—Houston [1st Dist.] June 7, 2022, no pet.) (mem. op.) (construing motion filed thirty-three days before trial setting was done so on the "eve of trial").

As for the year-long delay, we have recently reaffirmed that "mere delay in moving to compel arbitration is not enough for waiver." *See La.-Pac. Corp.*, 2023 WL 3000579, at *7 (quoting *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) (per curiam)).

The majority urges that the foregoing analysis Balkanizes the evidence and fails to consider them as a whole. Our Court's precedent requires consideration of

–12–

different factors and indeed that we "look to the totality of the circumstances." *See Perry Homes*, 258 S.W.3d at 591; *see, e.g.*, *Zurvita Holdings, Inc. v. Jarvis*, No. 05-23-00661-CV, 2024 WL 1163209, at *11–13 (Tex. App.—Dallas Mar. 14, 2024, pet. filed) (mem. op.); *Sivanandam v. Themesoft, Inc.*, No. 05-21-00645-CV, 2022 WL 872623, at *3–5 (Tex. App.—Dallas Mar. 24, 2022, pet. denied) (mem. op.); *Adams*, 344 S.W.3d at 649–51. Here, appellants filed two lawsuits related to the Company Agreement and waited over a year to assert their right to arbitration under the Company Agreement. But, I cannot conclude that these outweigh the other factors considered above, including the agreed-upon need for further discovery and the lack of attempts by appellants to obtain affirmative relief or judgment on the merits. Instead, I would weigh all the factors discussed above and conclude that, given the totality of the circumstances of this case and the strong presumption against waiver, appellees failed to establish appellants had waived their rights to arbitration by substantially invoking the judicial process.

I would sustain appellants' second issue.[3]

---

[3] I recognize that recently the United States Supreme Court held that under the FAA a party no longer needs to demonstrate that invocation of the judicial process resulted in prejudice to establish waiver. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). Because I would conclude appellees failed to demonstrate that appellants substantially invoked the judicial process, I would not and do not consider whether appellees were prejudiced or whether a showing of prejudice is required after *Morgan*. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Because I disagree with the majority's conclusions regarding whether appellants substantially invoked the judicial process and thereby waived their right to arbitrate this dispute, I respectfully dissent from the judgment affirming the trial court's order denying appellants' motion to compel arbitration. Instead, I would reverse the order and remand the case to the trial court for entry of an order compelling arbitration and staying further proceedings pending completion of the pending arbitration.

/Nancy Kennedy/
NANCY KENNEDY
231149DF.P05                                            JUSTICE