**In re CHRISTUS SPOHN HEALTH SYSTEM CORPORATION d/b/a Christus Spohn Hospital Shoreline.**

No. 13–07–399–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 31, 2007.

Charles W. Hurd, III, Joy M. Soloway, Fulbright & Jaworski, Christine Kirchner, Jennifer Simons, Stephen J. Knight, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, Darrell L. Barger, Hartline, Dacus, Barger, Dreyer, Corpus Christi, for relator.

David T. Bright, Watts Law Firm, Robert C. Hilliard, Hilliard & Munoz, Corpus Christi, for real party in interest.

Before Chief Justice VALDEZ and Justices BENAVIDES and VELA.

## OPINION

Opinion by Chief Justice VALDEZ.

Relator, Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Shoreline, seeks a writ of mandamus ordering the trial court to compel arbitration of a wrongful death claim brought by real parties in interest, the family of a deceased employee. We deny the petition for writ of mandamus.

### I. Standard of Review

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005). The relator has the burden to establish that the trial court abused its discretion. *See id.* If a trial court erroneously denies a party's motion to compel arbitration under the FAA, the movant has no adequate remedy at law and is entitled

to a writ of mandamus. *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex.2005) (orig.proceeding); *Serv. Corp. Int'l v. Lopez*, 162 S.W.3d 801, 808 (Tex. App.-Corpus Christi 2005, no pet.).

## II. Background

This is a premises liability case. Debra Slough worked as a nurse at Christus Spohn Shoreline. Jesus Alvarez abducted Slough from Christus Spohn's parking garage and murdered her. Debra Slough's husband, Corey Slough, filed suit against Christus Spohn individually and on behalf of their three minor children. Relator contends that the trial court erred in failing to grant its motion to compel arbitration based on an arbitration clause included in its employee benefit plan. Real parties in interest contend, *inter alia*, that there is neither a valid arbitration agreement nor that their claims fall within the scope of that agreement. Real parties in interest raise further defenses to arbitration, including waiver, estoppel, and procedural and substantive unconscionability. We conclude that the issue of waiver is dispositive of this matter. *See* Tex.R.App. P. 47.1.

## III. Applicable Law

■ There is a strong presumption against waiver of arbitration rights. *In re Bank One*, 216 S.W.3d 825, 827 (Tex.2007); *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex.2006) (orig.proceeding); *see In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex.2006) (orig.proceeding). A "heavy burden of proof" is required to establish waiver of arbitration rights, and the court must resolve all doubt in favor of arbitration. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 702 (Tex.1998). Whether a party has waived its contractual right to arbitrate is a question of law. *See In re Oakwood Mobile Homes*, 987 S.W.2d 571,

574 (Tex.1999) (orig.proceeding). Waiver may be express or implied. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (orig.proceeding); *Southwind Group, Inc. v. Landwehr*, 188 S.W.3d 730, 735 (Tex.App.-Eastland 2006, orig. proceeding). Whether waiver has occurred depends on the individual facts and circumstances of each case. *Southwind Group, Inc.*, 188 S.W.3d at 735; *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Sedillo v. Campbell*, 5 S.W.3d 824, 827 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

■ Waiver occurs only where "a party has acted inconsistently with its right to arbitrate and such actions prejudiced the other party." *In re Oakwood Homes*, 987 S.W.2d at 574. Stated differently, "a party waives an arbitration clause when it substantially invokes the judicial process to the other party's detriment." *In re Bank One*, 216 S.W.3d at 827; *see In re Vesta*, 192 S.W.3d at 763. Waiver of an arbitration right must be intentional. *In re Bank One*, 216 S.W.3d at 827; *EZ Pawn Corp.*, 934 S.W.2d at 89; *In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867, 872 (Tex.App.-Beaumont 2000, orig. proceeding). Therefore, the test for determining waiver is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process, and (2) did the opposing party prove that it suffered prejudice as a result. *Perry Homes v. Cull*, 173 S.W.3d 565, 569–70 (Tex.App.-Fort Worth 2005, pet. granted).

■ The judicial process has been substantially invoked when the party seeking arbitration has taken specific and deliberate actions, after the filing of suit, that are inconsistent with a right to arbitrate or has actively tried, but failed, to achieve a satisfactory result through litigation before turning to arbitration. *In re Vesta Group*,

*Inc.*, 192 S.W.3d at 763; *Williams Indus.*, 110 S.W.3d at 135. *Compare Sedillo*, 5 S.W.3d at 827 (waiver may occur when a party has taken specific and deliberate acts after suit has been filed that are inconsistent with the right to arbitrate), and *Nationwide of Bryan v. Dyer*, 969 S.W.2d 518, 521 (Tex.App.-Austin 1998, no pet.) (same), *with Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 703–704 (Tex.App.-Fort Worth 2006, pet. filed) (waiver may occur when a party has actively tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration); *Southwind Group, Inc.*, 188 S.W.3d at 736 (same); *Williams Indus., Inc.*, 110 S.W.3d at 135 (same).

▮▮▮▮ Actions that are inconsistent with the right to arbitrate and thus raise the issue of waiver may include some combination of filing an answer, setting up a counterclaim, pursuing extensive discovery, moving for a continuance, and failing to timely request arbitration. *See In re Certain Underwriters at Lloyd's*, 18 S.W.3d at 872–873; *Sedillo*, 5 S.W.3d at 827; *Central Nat'l Ins. Co. v. Lerner*, 856 S.W.2d 492, 494 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding). Examples that indicate the party is attempting to achieve a satisfactory result through litigation before turning to arbitration include moving for summary judgment or seeking a final resolution of the dispute. *Williams Indus., Inc.*, 110 S.W.3d at 135. In this regard, we would note that attempts at settlement do not evidence waiver. *In re Certain Underwriters at Lloyd's*, 18 S.W.3d at 876; *D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.*, 848 S.W.2d 226, 230 (Tex.App.-Corpus Christi 1992, writ dism'd w.o.j.).

▮▮▮▮ Delay alone generally does not establish waiver. *In re Vesta*, 192 S.W.3d at 763. Similarly, purely defensive measures do not substantially invoke the judi-

cial process. *See Transwestern Pipeline Co. v. Horizon Oil & Gas Co.*, 809 S.W.2d 589, 593 (Tex.App.-Dallas 1991, writ dism'd w.o.j.) (citing filing of general denial to preclude default judgment and filing of protective order in response to discovery request as examples of defensive measures); *see also In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex.2002) (orig.proceeding) (holding that objecting to trial setting showed intent to avoid rather than to participate in judicial process). A party does not, for instance, substantially invoke the judicial process merely by participating in discovery. *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *Southwind Group, Inc.*, 188 S.W.3d at 736–737; *In re Nasr*, 50 S.W.3d 23, 27 (Tex.App.-Beaumont 2001, orig. proceeding). In contrast, pursuing extensive discovery may substantially invoke the judicial process. *Southwind Group, Inc.*, 188 S.W.3d at 736–737; *Nationwide of Bryan, Inc.*, 969 S.W.2d at 522.

▮▮▮▮ Even when a party has substantially invoked the judicial process, a party's right to arbitration is not waived absent a clear showing that the opposing party has been prejudiced. *See In re Vesta Ins. Group*, 192 S.W.3d at 763; *In re Bruce Terminix Co.*, 988 S.W.2d at 704. In determining whether or not a party has been prejudiced, courts focus on factors such as: (1) the movant's access to information that is not discoverable in arbitration; and (2) the opponent's incurring costs and fees due to the movant's actions or delay. *See In re Bruce Terminix Co.*, 988 S.W.2d at 704; *Southwind Group, Inc.*, 188 S.W.3d at 737; *Williams Indus., Inc.*, 110 S.W.3d at 135.

## IV. Analysis

We now turn to the procedural history of this matter. The underlying lawsuit was originally filed on December 16, 2005. Spohn did not move to compel arbitration

until February 8, 2007, after the case had been set for trial on three separate dates and almost fourteen months after the inception of the lawsuit. Spohn filed an amended motion to compel arbitration on February 22, 2007. The trial court heard arguments on the motion to compel arbitration on March 2, 2007, and requested supplemental briefing, which was subsequently filed in April and May. On June 20, 2007, Spohn filed a petition for writ of mandamus complaining of the trial court's failure to rule and argued that the trial court's failure to rule was a denial of the motion to compel "[f]or all practical purposes." The trial court entered an order denying Spohn's motion to compel arbitration on June 28, 2007. During the fourteen-month interval before the motion to compel arbitration was filed, the parties substantially litigated this case. The real parties added an additional defendant to the lawsuit, and Spohn filed a motion for leave to designate Jesus Alvarez as a responsible third party and filed an original third party petition seeking to add claims against Jesus Alvarez to the lawsuit. Spohn also applied for a temporary restraining order and temporary injunction against real parties in interest, which were granted by the trial court.

As mentioned previously, the matter was set for trial on no less than three occasions before Spohn first mentioned the issue of arbitration. Spohn participated in a docket control conference and a docket control order was entered setting this matter for trial on December 3, 2006, with an alternate setting for April 2, 2007. After plaintiffs added an additional defendant, the parties agreed to pass the December setting and proceed with the April 2, 2007 setting. On January 3, 2007, Spohn filed a verified motion for continuance, requesting that the trial date be reset, and also requested entry of a Level III discovery plan. The trial court granted Spohn's motion for continuance and, on January 8, 2007, reset the case for trial in August of 2007.

During this same fourteen-month period of time before Spohn moved to compel arbitration, the parties engaged in voluminous discovery. Spohn initiated and commenced a significant amount of affirmative discovery. In addition to standard requests for disclosure, Spohn sent seven separate sets of written discovery to real parties in interest. These discovery requests, which are part of the record, are substantive and address the merits of the case, including both liability and damage issues.[1] Spohn also ordered nineteen sets of business records from third parties. Spohn filed numerous discovery motions, including eight motions to compel, and requested entry of an agreed protective order. Without referencing or mentioning

---

1. Written discovery propounded by Spohn includes: (1) Spohn's first set of interrogatories and first request for production to Corey Slough, individually (thirteen interrogatories and thirteen requests for production); (2) Spohn's first request for production to Corey Slough, as representative of the estate of Debra Slough, deceased (nine interrogatories); (3) Spohn's second request for production and first set of interrogatories to Corey Slough, as representative of the estate of Debra Slough, deceased (seven requests for production and one interrogatory); (4) Spohn's third request for production to Corey Slough, as representative of the estate of Debra Slough, deceased (twelve requests for production); (5) Spohn's first set of interrogatories and requests for production to Corey Slough, as next friend to Katelyn Slough (fourteen interrogatories and ten requests for production); (6) Spohn's first set of interrogatories and requests for production to plaintiff, Corey Slough, as next friend to Holly Slough (same); and (7) Spohn's first set of interrogatories and requests for production to plaintiff, Corey Slough, as next friend to Stacey Slough (same).

an alleged right to arbitration, Spohn presented seventeen of its employees for deposition.

The parties, including Spohn, sought affirmative relief regarding their discovery efforts. In the criminal cause pending against Jesus Alvarez filed in the 156th District Court of Bee County, Texas, Spohn moved to hold counsel for real parties in interest in contempt of court based on alleged discovery abuse. While we ordinarily would not consider actions in a separate cause as indicative of waiver, we would note that Spohn's motion for contempt expressly stated that:

> Movant seeks a contempt finding from this Court, so it may present such finding to [respondent in this underlying proceeding] in connection with various steps civil defense counsel will take to suppress the use of the improperly obtained video and/or transcript of Mr. Alvarez's sworn statement, for any purpose, in the civil matter.

Accordingly, we construe Spohn's actions in this separate lawsuit as part of its strategic plan of defense in the underlying matter that would be inconsistent with a right to arbitrate. Moreover, real parties in interest sought and received sanctions against Spohn in the instant case for its failure to identify persons with relevant knowledge and its representations regarding the lack of video surveillance of Spohn's premises, when it possessed, but failed to identify or produce, video surveillance of Spohn's premises on the date of Debra Slough's abduction and murder.

Finally, counsel for real parties in interest testified, by affidavit, that he had asked counsel for Spohn early in the litigation whether there were any reasons real parties could not bring the claims set out in their petition because he was concerned that Spohn might consider decedent Debra Slough to be an employee within the course and scope of her employment, and thus subject to the employee benefit plan containing the arbitration agreement. Counsel stated that Spohn repeatedly and expressly denied this. Counsel for Spohn also took the position that Slough's murder did not qualify as an "event" under the employee benefit plan because of a "criminal act by a third party." Further, Spohn has denied any benefits to the Slough family under the employee benefit plan.

■ Considering the individual facts and circumstances of this case, we conclude that Spohn substantially invoked the judicial process. Although delay alone does not establish waiver, fourteen months passed before Christus moved to compel arbitration, and, under these circumstances, we would conclude that Spohn failed to timely request arbitration. *See In re Certain Underwriters at Lloyd's,* 18 S.W.3d at 872–873; *Sedillo,* 5 S.W.3d at 827. Two separate trial settings had been passed and the matter had already been set for trial a third time, at Spohn's request via a verified motion for continuance, before Spohn moved to compel arbitration. *Cf. Interconex, Inc. v. Ugarov,* 224 S.W.3d 523, 534–35 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (movant acted inconsistently with its right to arbitrate when it requested that the case be reset and failed to file a motion to compel arbitration until shortly before trial, which it had specifically requested and caused to be set at a certain date). According to the written discovery contained in the record, Spohn sought substantive discovery on the merits, pertaining to both liability and damages, through numerous discovery requests and motions. *Southwind Group, Inc.,* 188 S.W.3d at 736–737; *Nationwide of Bryan, Inc.,* 969 S.W.2d at 522. Moreover, Spohn's third-party petition, motion for contempt, and attempt to impose sanctions constitute specific and deliberate actions that are incon-

sistent with the right to arbitrate and suggest that Spohn was attempting to achieve a satisfactory result through the judicial process.

While none of these factors alone would establish waiver of the right to arbitration, the combination herein does. *See In re Certain Underwriters at Lloyd's*, 18 S.W.3d at 872–873; *Sedillo*, 5 S.W.3d at 827; *Central Nat'l Ins. Co. v. Lerner*, 856 S.W.2d 492, 494 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding).

 Having determined that Spohn substantially invoked the judicial process, we next consider whether real parties in interest have made a clear showing that they have been prejudiced. *See In re Vesta Ins. Group*, 192 S.W.3d at 763; *In re Bruce Terminix Co.*, 988 S.W.2d at 704.

In the instant case, counsel for real parties in interest testified by affidavit that compelling arbitration would "greatly prejudice" real parties in interest. Counsel testified that real parties in interest spent approximately $60,000 to $70,000 in expenses in developing this matter for trial. Counsel further testified that he and co-counsel spent more than 1,000 hours on the case in preparing it for trial, and, estimating their hourly rate at $350 per hour, had invested more than $350,000 in attorney's fees. Counsel deposed seventeen witnesses before Spohn moved to compel arbitration and ordered records through depositions on written questions from twenty-three non-parties. Counsel propounded twelve substantive sets of written discovery to Spohn. Counsel testified that, had Spohn requested arbitration before discovery, he would have used a different discovery strategy and limited the depositions and expenses incurred because of the limits customarily proposed in arbitration proceedings. Counsel further testified that Spohn's failure to identify fact witnesses and failure to acknowledge the existence of, or produce, video surveillance of its premises on the date of the incident, greatly increased the time and expense of this lawsuit. Finally, counsel for real parties testified that he had relied on representations by Spohn's counsel that this was not an "event" under Spohn's plan because of a "criminal act by a third party."

Corey Slough testified by affidavit that he and his children were expecting this matter to be resolved by trial in April or August, and having to continue this matter via arbitration, with no specific end date in sight, would be "highly prejudicial and detrimental" to him and his three daughters. "We have been receiving counseling to get through this ordeal, and it will be very prejudicial for this to keep going because of Spohn's agreement to the trial setting, and now trying to back out of it...."

Based on the record, we conclude that real parties in interest have made a clear showing of prejudice. *See In re Vesta Ins. Group*, 192 S.W.3d at 763.

## V. Conclusion

Even given the strong presumption against waiver, we conclude that Spohn substantially invoked the judicial process to its opponents' detriment. Real parties in interest have identified acts by Spohn that are inconsistent with its right to arbitrate and have further shown resultant prejudice on their part. Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and response thereto is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* Tex. R.App. P. 52.8(a). Any pending motions are dismissed as moot.