

**NUMBER 13-11-310-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

G.T. LEACH BUILDERS, L.L.C. AND
SAPPHIRE VP, LP,                                                    Appellants,

v.

TCMS, INC.,                                                           Appellee.

---

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This interlocutory appeal is brought by appellants, G.T. Leach Builders, L.L.C. and Sapphire VP, LP from an order denying arbitration. Appellee is TCMS, Inc. By four issues, appellants claim that the trial court erred by: (1) failing to file findings of fact and conclusions of law; (2) denying arbitration in the face of a valid arbitration clause that

covered the applicable claims; (3) failing to order arbitration because TCMS did not meet its burden to show that appellants substantially invoked the judicial process; and (4) failing to order arbitration because TCMS failed in its burden to prove the affirmative defense of unconscionability. We reverse and remand.

## I. BACKGROUND

TCMS filed its original petition on June 14, 2010, complaining of Leach Contractors, Posada USA, Inc., and Sapphire, alleging that it had entered into a contract with Leach to provide goods and services to businesses owned by Posada and/or Sapphire. TCMS alleged that appellants failed to pay for services TCMS had performed. TCMS amended its petition on January 25, 2011, urging its claim as a suit on a sworn account. On February 10, 2011, Leach and Sapphire filed a motion to order arbitration, transfer venue, and to abate the case. The motion urged that all claims should be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association.

TCMS responded that the parties had been previously engaged in another lawsuit in Cameron County and they had not sought arbitration in that case. That lawsuit allegedly involved a claim by the appellants that TCMS had done defective landscaping work and appellants allegedly demanded in excess of $1 million dollars in damages. The pleadings in that case are not before us in this appeal. TCMS also argued that appellants had not sought arbitration in the instant case until after TCMS filed an original and an amended motion to compel and two motions for partial summary judgment. Additionally, TCMS raised unconscionability with respect to the costliness of arbitration

2

relative to the $12,500 debt it claimed it was owed. The parties do not dispute that the previous suit brought by appellants against TCMS was later dismissed for lack of jurisdiction. Arbitration was not sought in that case prior to dismissal.

A subcontract existed between Leach and TCMS that provided for arbitration, as follows:

> All claims disputed and other matters in question arising out of or relating to, this subcontract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise.

The subcontract was before the trial court. None of the parties argued that the subcontract was not their agreement. The dispute in question is within the scope of the agreement. The hearing with respect to arbitration was not recorded, but sworn affidavits were filed in support of and in opposition to the plea to arbitrate. The trial court later denied the motion to arbitrate.

## II. ANALYSIS

### A. Arbitration Agreement

Appellants argue that they presented proper evidence of an agreement to arbitrate. We agree. The record reflects that appellants presented the affidavit of Leach's vice-president establishing an executed written agreement between the parties. It was uncontested that the arbitration agreement was part of their contract and encompassed the claims TCMS raised. We sustain appellant's second issue.

3

**B.  Findings of Fact and Conclusions of Law**

Appellants urge by their first issue that the trial court erred in failing to file findings of fact and conclusions of law.   In an appeal from an interlocutory order, the trial court may file findings of fact and conclusions of law, but is not required to do so.   TEX. R. APP. P. 28.1; *Doran v. ClubCorp USA, Inc.*, 174 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.); *see Humble Exploration Co. v. Fairway Land Co.*, 641 S.W.2d 934, 937 (Tex. App.—Dallas 1982, writ ref'd n.r.e.).   Because findings of fact and conclusions are not required here, as this case is before us pursuant to an interlocutory order, the trial court did not err in failing to file them.   We overrule issue one.

**C.  Arbitration Issues**

**1.  Standard of Review**

Review of the denial of a motion to compel arbitration is conducted under an abuse of discretion standard.   *Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).   We resolve the question of waiver as a question of law by applying a totality-of-the-circumstances test to the particular circumstances of the case.   *Id.*   The trial court's ultimate conclusion concerning waiver of arbitration is a legal question that we review de novo.   *Id.*   However, when the trial court must first resolve underlying facts, we defer to the trial court's factual resolutions and any credibility determinations that may have affected those resolutions, and we may not substitute our judgment on these matters.   *Id.*   The duty is upon the party resisting arbitration to raise an affirmative defense.   *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).   Any doubts are to be resolved in favor of arbitration.   *Prudential*

4

*Sec., Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995).

### 2. Affirmative Defense of Waiver

Appellants argue by their third issue that the trial court erred in denying its request for arbitration because TCMS failed to establish its affirmative defense of waiver.

A party may waive its right to compel arbitration by substantially invoking the litigation process to its opponent's detriment. *In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007) (orig. proceeding). There is a strong presumption against finding that a party has waived its right to arbitration; the burden to prove waiver is thus a heavy one. *Id.*; *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006). Any doubts regarding waiver are resolved in favor of arbitration. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 705 (Tex. 1998).

Waiver of an arbitration agreement must be intentional. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding). The test for waiver is whether the party moving for arbitration "has substantially invoked the judicial process to an opponent's detriment; the latter term meaning inherent unfairness caused by 'a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage.'" *In re Citigroup Global Mkts.*, *Inc.*, 258 S.W.3d 623, 625 (Tex. 2008) (orig. proceeding) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008)).

While the mere failure to assert the right to demand arbitration does not, by itself, constitute a waiver of that right, such failure bears on the question of prejudice and may, along with other considerations, require a court to conclude that waiver has occurred. *Perry Homes*, 258 S.W.3d at 600 (*citing Republic Ins. Co. v. PAICO Receivables, LLC*,

5

383 F.3d 341, 346 (5th Cir. 2004)). The failure to demand arbitration affects the burden placed upon the party opposing waiver. *Id.* When a timely demand for arbitration is made, the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver. *Id.*

### a. Substantial Invocation of the Judicial Process

Here, TCMS argues that appellants waived their right to arbitration because they substantially invoked the judicial process to the detriment of TCMS. TCMS first points to an earlier suit brought by appellants against it. In that suit, appellants were allegedly demanding $1 million from TCMS for defective work it had allegedly performed. Although counsel for TCMS discusses the initial lawsuit, the pleadings in that suit are not part of this record. However, according to TCMS's counsel's affidavit, the trial court dismissed the case because the case had been filed in a county court and the amount of damages sought by appellants exceeded that court's jurisdictional limits. Counsel for TCMS averred that prior to dismissal of the first action, he had numerous discussions with opposing counsel, answered discovery, researched issues relating to subject-matter jurisdiction, prepared and filed a motion to dismiss, attended a hearing on the motion to dismiss and prepared the proposed order. Counsel stated that there was no attempt made to arbitrate during the pendency of the first case.

The parties take the following positions with respect to the importance that we should place upon the earlier filed lawsuit. Appellants argue that the fact that they filed a previous lawsuit on a different claim does not constitute a substantial invocation of the judicial process in this case, citing *In Re Winter Park Construction Incorporated* as

6

authority. 30 S.W.3d 576 (Tex. App.—Texarkana 2000, orig. proceeding). In *Winter Park*, the court of appeals determined that Winter Park had not tried to achieve a satisfactory result in litigation before requesting arbitration. *Id.* at 579. It answered the suit, temporarily removed it to federal court, and participated in some discovery. *Id.* This did not satisfy the "heavy burden" to show waiver. *Id.* Second, appellants cite *Chambers v. O'Quinn* for the proposition that filing an earlier case did not waive the right to arbitrate the claim. 305 S.W. 3d 141, 152 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). There, former clients sued attorney O'Quinn for legal malpractice. *Id.* at 144. O'Quinn filed a companion suit against his clients' attorneys, took depositions, and sought abatement in the companion case. *Id.* at 151. The appellate court found no waiver, holding that the fact O'Quinn filed suit against appellants' attorneys did not amount to litigation of the specific claim at issue. *Id.* at 152.

TCMS counters by suggesting that *Haddock v. Quinn* is applicable here. 287 S.W.3d 158 (Tex. App.—Fort Worth 2009, orig. proceeding). In *Haddock*, the appellant contended that waiver did not occur because the prior suit he brought concerned a severance agreement and the claim he wished to arbitrate concerned a different contract, the partnership agreement. *Id.* at 177. The appellate court held that both the prior suit and the arbitration demand arose from the limited partnership agreement. Only after Haddock suffered an adverse ruling in the suit did he turn to arbitration. *Id.* at 178. The court ultimately concluded that by pursuing the prior suit Haddock invoked the judicial process. *Id.* at 179. Ultimately, the court opined: "failing to seek arbitration until after proceeding in litigation to an adverse result is the clearest form of inconsistent litigation

7

conduct and is inevitably found to constitute substantial invocation of the litigation process resulting in waiver." *Id.* at 180. Haddock substantially invoked the litigation process and waived his right to arbitration. *Id.*

Finally, TCMS relies on our opinion in *In re Christus Spohn Health System Corporation* to support its waiver argument. 231 S.W.3d 475 (Tex. App.—Corpus Christi 2007, orig. proceeding). There, this Court opined that delay alone or participating in purely defensive measures do not substantially invoke the judicial process. *Id.* at 479. *Spohn* is a case that arose from the abduction and subsequent murder of a nurse that occurred in the parking lot of the hospital. *Id.* at 478. In *Spohn*, the hospital moved to hold counsel for the real parties in interest in contempt in a criminal case that was pending with respect to the underlying case. *Id.* at 481. This Court construed Spohn's action in the separate case "as part of its strategic plan of defense in the underlying case that would be inconsistent with the right to arbitrate." *Id.* We also found a clear showing of prejudice based on the significant amount that had been spent on the case, discovery that had occurred, and testimony that the real parties in interest would be detrimentally impacted if they had to continue the matter via arbitration. *Id.* at 482.

Appellants do not deny that it was they who initially filed a lawsuit in a Cameron county court against TCMS that the trial court later dismissed. There appears to be no disagreement that the first case was dismissed after significant effort on TCMS's part. It is also clear that while the claims were different in the first case because appellants were seeking damages against TCMS for alleged faulty work, the claims were based upon the same contract that contained an arbitration clause. The crux of the claims are similar.

8

Appellants initially filed suit for poor workmanship.   TCMS later filed suit to get paid for the work it allegedly performed.   Appellants also argue that their case was dismissed for lack of subject matter jurisdiction and there was no final resolution, thus it was not an invocation of the judicial process.   But, it was they who initially sought to litigate a claim against TCMS that involved the same contract as the current suit.   The record does not reflect that appellants sought arbitration of the initial case.   Rather, it was dismissed after a motion dismiss was filed by TCMS.

In addition to the prior suit, the record reflects that after appellants were sued, they did not initially discuss arbitration.   They propounded discovery.   TCMS agreed to two extensions of time to answer discovery.   TCMS also had motions for summary judgment on file at the time appellants filed their motion to arbitrate.

The facts show that in this case, appellants requested disclosures from TCMS, but did not serve discovery.   TCMS asked for discovery from appellants and filed motions to compel that were not ruled on by the trial court.

The facts, when considered as a whole, dictate that there was substantial involvement of the judicial process by appellants.

**b. Prejudice**

Even though we have determined that the judicial process was substantially invoked, TCMS must additionally establish prejudice from a substantial invocation of the judicial process, which it has failed to do.   *Perry Homes*, 258 S.W.3d at 590.   There was no express waiver of arbitration here.   An implied waiver of the right to arbitrate must be unequivocal, and even in close cases, the strong presumption against waiver should

9

govern. *Perry Homes*, 258 S.W.3d at 593. For example, the supreme court has held that making a request for disclosure, along with taking four depositions and requests for production, was not a waiver of arbitration. *In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 763 (Tex. 2006). There was a similar level of activity in this case which likewise indicates there was no implied waiver.

One "particularly relevant" factor for determining prejudice is the amount of discovery and pretrial activity relating to all claims, including the arbitrable claims. *Republic Ins. Co.*, 383 F.3d at 346 (citing *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1161–62 (5th Cir. 1986)). As we discussed earlier, discovery in this case was limited, as was pre-trial activity. Another factor is the time and expense of defending against a motion for summary judgment. *See id.* It was TCMS that filed the partial motions for summary judgment and those motions did not appear to be set for hearing.

Texas courts have noted that delay alone will not constitute the prejudice needed to overcome the presumption against waiver. *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 139 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A party's failure to timely assert its right to arbitration can be relevant to evaluating whether the non-movant has been prejudiced. *See id.* To show a detriment, a party opposing arbitration must show unfairness caused by the other party's attempt to have it both ways by switching between litigation and arbitration to its own advantage. Taking all of these factors into consideration, in conjunction with the strong presumption in favor of arbitration, we find that TCMS failed to show prejudice. We sustain issue three.

### c. Unconscionability

TCMS finally argues that the agreement is unconscionable because of the expense of arbitration. The only evidence before the trial court was the affidavit of TCMS's attorney who averred that arbitration with the American Arbitration Association is, in his opinion, unfair and expensive. Substantive unconscionability refers to whether the arbitration provision ensures preservation of the substantive rights and remedies of a litigant. *In Re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding). TCMS contends the arbitration agreement is unconscionable because it will incur substantial expense as the clause required AAA arbitration. In fact, it does not. The clause only requires AAA rules to be followed. Counsel for TCMS estimated the fees for arbitration at $1,300. But, that would be the fee if the parties opted to arbitrate with the American Arbitration Association. Counsel for TCMS then discussed the arbitrator's fees and hotel expenses and the cost of utilizing a court reporter. Again, counsel assumes that the arbitrator will be from out-of-town.

When a party contests arbitration due to substantial expense, that party bears the burden of proving the likelihood of incurring such costs, and must provide some specific information concerning those future costs. *Id.*; *see In re FirstMerit Bank*, 52 S.W.3d 749, 756 (Tex. 2001) ("[T]here is no doubt that some specific information of future costs is required."). Here, the record fails to show any specific information or evidence about what costs TCMS would likely incur. TCMS provided no evidence that the AAA would actually conduct the arbitration or charge specified fees. *See In re FirstMerit*, 52 S.W.3d at 757. Because this record contains no evidence that TCMS will be charged excessive

11

fees, we conclude that the trial court erred in denying arbitration on the ground that the agreement was unconscionable. *Id.* We sustain issue four.

### III. CONCLUSION

Having addressed all dispositive issues, the order of the trial court denying arbitration is reversed and remanded in accordance with this opinion. *See* TEX. R. APP. P. 47.1.

ROSE VELA
Justice

Delivered and filed the
16th day of February, 2012.