**Opinion issued June 29, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00921-CV

———————————

**MAREK MENGER, Appellant**

**V.**

**SHERRY MENGER, Appellee**

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2016-06434

## MEMORANDUM OPINION

In this post-divorce enforcement case, Marek Menger ("Marek") appeals the trial court's order denying his motion to compel arbitration. In two issues, Marek contends the trial court erred in failing to (1) compel arbitration of the parties' petitions for enforcement because the disputes at issue concern the interpretation and

performance of the parties' divorce decree which are subject to arbitration, and (2) appoint a substitute arbitrator when the appointed arbitrator was unable to serve. We affirm.

## Background

Sherry Menger ("Sherry") filed an original petition for divorce in February 2016. Marek filed an original counterpetition for divorce and request for temporary orders. In his counterpetition, Marek added Petro-Valve, Inc., the parties' community business asset, as a third-party respondent. Sherry later filed a second amended petition for divorce, asserting several claims against Marek, and Marek filed a first amended counterpetition and request for temporary orders. These amended pleadings constitute the live pleadings in the underlying divorce proceeding.

Upon the parties' agreement, the trial court appointed Jeffrey H. Uzick ("Uzick") as discovery master in the case. Uzick, who also began serving as the parties' mediator, conducted approximately six mediation sessions with the parties in an effort to settle disputed property issues. In June 2017, Marek and Sherry entered into a binding mediated settlement agreement ("MSA"), leaving for future

2

arbitration the division of certain property identified in Exhibit 1 to the MSA.[1]  The

MSA contains the following provision:

> If any dispute arises with regard to the interpretation or performance of this Agreement or any of its provisions, including the necessity, form and substance of documents, the parties agree to try to resolve the dispute by telephone conference or meeting with Jeffrey H. Uzick, the Mediator who facilitated this settlement. . . .  In the event an agreement cannot be reached, the mediator shall act as the arbiter of the issue and shall resolve the issue by binding arbitration.

After the parties executed the MSA, but before the trial court entered the final

divorce decree, Uzick conducted several arbitrations with the parties to resolve the

outstanding property issues listed in Exhibit A-1 to the MSA.  Exhibit A-1 states in

relevant part:

> The following issues shall be arbitrated by Jeff Uzick at a mutually agreeable date and time:
>
> Whether the following property is awarded to Marek as property of ASAP:
>
>> Forklifts and Pallets;
>> Rolling Ladder;
>> Pallet Lift Equipment;
>> Pallet Sections;
>> Furniture in the accounting office;
>
> Marek's access to C-drive information prior to Marek's departure from Petrovalve;
>
> Division of Wine in the wine cellar.

---

[1]  Exhibit A to the MSA is a chart listing Sherry and Marek's properties, together with their value, characterization as separate or community property, and to whom the property belongs.

The referenced arbitrations resulted in three arbitration awards.

The trial court entered a final decree of divorce on February 27, 2018. Marek then filed several motions, including a motion to vacate or, in the alternative, motion to reconsider and motion for Rule 13 sanctions, and a motion for new trial, none of which the trial court granted. On June 6, 2018, the trial court signed and entered an amended final decree of divorce, incorporating the terms of the parties' MSA (the "Amended Decree"). The Amended Decree provides, in relevant part:

### Clarifying Orders

Without affecting the finality of this *Final Decree of Divorce*, this Court expressly reserves the right to make orders, necessary to clarify and enforce this decree.

In the event there is a dispute concerning the interpretation or performance of this *Decree of Divorce*, the parties are ORDERED to attempt to resolve all such disputes through mediation, and failing mediation, binding arbitration with Jeffrey H. Uzick.

Marek filed another motion for new trial and a second amended motion to vacate or, in the alternative, motion to reconsider and motion for Rule 13 sanctions. The trial court denied both motions. Marek appealed the denial of his motion for new trial and later moved to dismiss the appeal. This Court granted the motion and dismissed Marek's appeal. *See Menger v. Menger*, No. 01-18-00848-CV, 2019 WL 758365 (Tex. App.—Houston [1st Dist.] Feb. 21, 2019, no pet.) (mem. op.).

On March 4, 2019, Sherry filed her original petition for enforcement, followed by her first amended petition for enforcement on July 18, 2019, and second amended

4

petition for enforcement on October 10, 2019. Between March and April 2019, Marek filed his petition for enforcement of property division, a motion for award of undisclosed liabilities, and his first amended petition for enforcement of property division. None of his pleadings included a request for arbitration. And neither did Sherry's pleadings.

Marek's counsel then served discovery requests on Sherry, which included an original request for production, a second request for production, interrogatories, and a Rule 194 request for disclosures.[2] Sherry responded to the discovery requests and produced more than 1,375 pages of documents to Marek's counsel. Upon request for her deposition, Sherry also provided dates to Marek's counsel, but did not receive a response to the last set of dates provided. Sherry attested that the constant litigation required her to expend many hours away from her business and that she had incurred $77,107.13 in attorney's fees between March and October 2019.

On July 23, 2019, Marek filed a notice of trial setting indicating that his first amended petition for enforcement of property division was set for trial on September 18, 2019. On August 23, 2019—less than one month before the September 18, 2019 trial setting—Marek filed a motion for continuance, claiming neither party had announced an unconditional ready for trial. He argued that he needed to conduct

---

[2] Sherry states that Marek continued to discharge and retain new counsel throughout the divorce and enforcement litigation, substituting counsel on eleven different occasions.

5

additional or supplemental discovery prior to trial and further investigate the claims and defenses of each of the parties. Following a hearing, the trial court denied his motion for continuance.[3]

On September 12, 2019—the same day the trial court denied Marek's motion for continuance—Marek filed a motion to abate and motion to compel arbitration, claiming for the first time that the parties' disputes were subject to arbitration. Marek contended that "[t]he parties previously agreed to arbitrate future disputes as set forth in language contained in the parties' *Amended Decree of Divorce* signed by this Court on **June 6, 2018**." He asserted that a controversy had arisen related to "performance of the *Amended Final Decree of Divorce* regarding division of property, performance of the indemnification provisions of the *Amended Final Decree of Divorce,* and the amount of attorney's fees owed to an indemnified party." According to Marek, the parties had not resolved the controversy and thus, the parties' disputes should be submitted to arbitration.

On October 3, 2019, Sherry's attorney emailed Uzick informing him that Marek's attorney had informed her that Marek had filed a grievance against Uzick. She inquired whether he was precluded from acting as arbitrator. Uzick responded:

> Considering 1) the unique circumstances of this case, 2) the high conflict and contentious nature of disputes involving the parties and lawyers well past the divorce decree, and 3) the fact that a party chose

---

[3] Marek also filed a motion for mediation, which the trial court denied on September 12, 2019. The motion is not part of the record before us.

to file a grievance against me as a mediator/arbitrator (even though it was summarily dismissed), I have decided that I will not act as an arbitrator in this matter. Any rulings I would make would be the subject of favoritism or payback which destroys the tenets of an agreed arbitrator.

Both parties submitted briefing on the arbitration issue to the trial court. Sherry filed her second amended response opposing Marek's motion to abate and motion to compel arbitration on October 17, 2019, and she filed her brief in opposition to Marek's request for an order to compel arbitration on October 18, 2019. On October 23, 2019, Marek filed his second amended petition for enforcement, which included a motion for referral to mediation and arbitration.

The trial court held a hearing on Marek's motion to compel arbitration, as well as his motion to abate and motion to disqualify Sherry's counsel. At the conclusion of the hearing, the trial court denied all three motions. The trial court signed its order denying the motions on November 5, 2019. Marek then filed this interlocutory appeal.[4]

**Discussion**

Marek raises two issues on appeal. First, he contends the trial court erred in failing to compel arbitration of the parties' petitions for enforcement because the petitions concern the performance and interpretation of the terms of the amended

---

[4] A party may appeal from an order denying a motion to compel arbitration. TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1).

final decree of divorce, which are subject to arbitration. Second, he asserts that the trial court erred in failing to appoint a substitute arbitrator.

## A. Standard of Review and Applicable Law

We review an order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Henry*, 551 S.W.3d at 115.

A party seeking to compel arbitration must establish that (1) there is a valid arbitration agreement, and (2) the claims in dispute fall within the scope of the agreement. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). The validity of an arbitration agreement is a legal question subject to de novo review. *See Jody Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Traditional contract principles apply in determining whether a valid agreement to arbitrate exists. *J.M. Davidson*, 128 S.W.3d at 227; *Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96, 102 (Tex. App.—San Antonio 2016, no pet.). When a trial court does not state a basis for denying a motion to compel arbitration, we must uphold the trial court's ruling

8

on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In Estate of Guerrero*, 465 S.W.3d 693, 701 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

## B.    Analysis

In his first issue, Marek contends the parties' post-divorce petitions for enforcement and related motions fall within the Amended Decree's broad arbitration clause governing performance and interpretation. That clause provides:

### *Clarifying Orders*

Without affecting the finality of this *Final Decree of Divorce*, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

In the event there is a dispute concerning the interpretation or performance of this *Decree of Divorce*, the parties are ORDERED to attempt to resolve all such disputes through mediation, and failing mediation, binding arbitration with Jeffrey H. Uzick.

Marek argues that "both parties dispute performance, or that the decree has been violated" and "the dispute involve[s] a competing view of interpretation of the decree[.]" Sherry contends the trial court properly denied Marek's motion to compel arbitration because Marek waived any right to arbitration, and arbitration is precluded by (1) res judicata, (2) Marek's misconduct leading to Uzick's withdrawal, and (3) the application of traditional contract principles to the circumstances of this case. Sherry asserts that each of these grounds negates the

existence of a valid and enforceable arbitration agreement. Because waiver of arbitration is dispositive, we address Sherry's waiver issue first.

## Waiver

A party who opposes the enforcement of a valid arbitration agreement based on the defense of waiver bears the burden of proving the defense. *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499–500 (Tex. 2015). Arbitration rights are contractual, and the law includes a strong presumption against the waiver of those rights. *Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 647 (Tex. App.—Dallas 2011, pet. denied) (citing *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding) (per curiam)). A party may waive its right to arbitrate either expressly or impliedly. *G.T. Leach Builders, LLC v. Sapphire V.P.*, 458 S.W.3d 502, 511 (Tex. 2015). Waiver of arbitration may be implied from a party's conduct, so long as the conduct is unequivocal. *Adams*, 344 S.W.3d at 647. Waiver is decided on a case-by-case basis by assessing the totality of the circumstances. *See Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014); *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008); *Pounds v. Rohe*, 592 S.W.3d 549, 554 (Tex. App.—Houston [1st Dist.] 2019, no pet.). When, as here, implied waiver is at issue, the party seeking to establish the waiver defense must show that (1) the other party substantially invoked the judicial process in a manner inconsistent with the right to compel arbitration, and (2) this inconsistent conduct

10

caused the nonmoving party to suffer detriment or prejudice. *G.T. Leach*, 458 S.W.3d at 511–12.

In determining whether a party has waived arbitration by substantially invoking the judicial process, courts consider a multitude of non-exclusive factors, including:

(1)    whether the movant was plaintiff (who chose to file in court) or defendant (who merely responded);

(2)    how long the movant delayed before seeking arbitration;

(3)    whether the movant knew about the arbitration clause during the period of delay;

(4)    any explanation the movant offered for the delay;

(5)    how much discovery the movant conducted before trying to compel arbitration and whether that discovery related to the merits;

(6)    how much time and expense has been incurred in litigation;

(7)    whether the movant filed affirmative claims or dispositive motions;

(8)    whether the movant sought or opposed arbitration earlier in the case;

(9)    if discovery conducted would be unavailable or useful in arbitration;

(10)    whether activity in court would be duplicated in arbitration; and

(11)    whether and when the case had been set for trial.

*Perry Homes*, 258 S.W.3d at 591–92; *Pounds*, 592 S.W.3d at 554. In general, no single factor is dispositive. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). Nor must all or most of these factors be present to support waiver. *See Perry Homes*, 258 S.W.3d at 591. Courts look to the specifics of each case. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 116 (Tex. 2018); *Perry Homes*, 258 S.W.3d at 591, 593.

Waiver of arbitration requires a showing of prejudice by the nonmoving party. *Perry Homes*, 258 S.W.3d at 595. The nonmovant must show the fact of prejudice, but not its extent. *Id.* at 599. Prejudice refers to the inherent unfairness caused by "a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *In re Citigroup Global Mkts., Inc.,* 258 S.W.3d 623, 625 (Tex. 2008) (orig. proceeding) (quoting *Perry Homes,* 258 S.W.3d at 597). Such inherent unfairness may be manifested "in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Perry Homes,* 258 S.W.3d at 597.

## A. Substantial Invocation of Judicial Process

### 1. Delay

Marek was a petitioner and filed several pleadings in the trial court. He filed his original and amended counterpetitions for enforcement of property division and

request for temporary orders in March and April 2019, respectively, and he added Petro-Valve, Inc., the parties' community business asset, as a third-party respondent. Marek was also the movant in his motion for award of undisclosed liabilities filed in March 2019. Marek did not request arbitration in any of these pleadings.

Marek waited more than six months before requesting arbitration, and he did so less than one month prior to trial. He filed his first petition for enforcement in March 2019 but did not request arbitration until he filed his motion to abate and motion to compel arbitration on September 12, 2019. While this delay does not, standing alone, constitute substantial invocation of the judicial process, *see In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692 (Tex. 2008), the record shows more than mere delay.

Marek knew about the arbitration clause long before he filed his motion to compel arbitration. He signed the parties' MSA—which included the arbitration clause—on June 28, 2017, and the Amended Decree, signed on June 6, 2018, incorporated the MSA. *See Pounds*, 592 S.W.3d at 555 (noting that defendants were aware of arbitration clause from outset where one defendant was party to agreement and other was charged with carrying out agreement's terms); *Prof'l Advantage Software Sols., Inc. v. W. Gulf Mar. Ass'n Inc.*, No. 01-15-01006-CV, 2016 WL 2586690, at *4 (Tex. App.—Houston [1st Dist.] May 5, 2016, no pet.) (mem. op.) (noting party is presumed to know contents of agreement it signs). Marek was a

party and represented by counsel when both documents were finalized. Marek has not offered any explanation for his delay in requesting arbitration. *See Pounds*, 592 S.W.3d at 555 (considering among factors weighing in favor of waiver fact that delay was substantial, knowing, and unexplained, and that record did not "suggest a sympathetic reason for [defendants'] decision to wait so long to seek arbitration").

### 2. Discovery

Marek initiated discovery in the case. In her affidavit filed in opposition to Marek's motion to compel arbitration, Sherry attested that she responded to all of Marek's discovery requests, consisting of two requests for production of documents, interrogatories, and a Rule 194 request for disclosure. Sherry produced 1,375 pages of documents in response to Marek's discovery requests. She also spent many hours away from her business due to the constant litigation, and she incurred $77,107.13 in attorney's fees between March and October 2019. Sherry also offered dates for her deposition, but she never received a response from Marek's counsel. *See Adams*, 344 S.W.3d at 649 ("How much litigation conduct will be 'substantial' depends very much on the context; three or four depositions may be all the discovery needed in one case, but purely preliminary in another.") (quoting *Perry Homes*, 258 S.W.3d at 593).

### 3. Affirmative Relief

Marek sought affirmative relief in his pleadings. In his original petition for enforcement, Marek requested an award of money judgment against Sherry in the amount of $245,047.81. He also requested that Sherry pay his attorney's fees and be held in contempt, jailed, and fined for violating the Amended Decree. In his motion for award of undisclosed liabilities, Marek also requested that four loans taken against two life insurance policies, totaling $245,047.81, be considered undisclosed liabilities and awarded to Sherry. He further requested that Sherry be ordered to repay each loan, indemnify Marek for any failure to discharge the liabilities, and pay Marek his attorney's fees.

In his first amended petition for enforcement of property division, Marek requested an award of money judgment in the amount of $245,047.81, that Sherry be held in contempt and fined, and that she pay his attorney's fees. And in his second amended petition for enforcement, Marek requested that he be awarded money judgments against Sherry totaling approximately $403,906.83, that Sherry pay his attorney's fees, that she be held in contempt, jailed, and fined for failing to comply with the Amended Decree, and that she subsequently be placed on community supervision. *Adams*, 344 S.W.3d at 650 (concluding that evidence supported finding that defendant substantially invoked judicial process where, among other things,

15

record showed that he asked trial court to find plaintiff in contempt for allegedly violating temporary injunction).

### 4. Trial Settings and Continuances

Marek filed a notice of trial setting, setting his petition for enforcement for trial on September 18, 2019. He also filed a motion to disqualify attorneys in which he requested the disqualification of Sherry's counsel.

The record reflects that Marek filed his motion to abate and motion to compel arbitration on September 12, 2019, the same day the trial court denied his motion for a continuance of the trial setting and his motion to mediate, and a mere six days before the September 18, 2019 trial setting. Notably, in his motion for continuance, Marek asserted that he needed to conduct additional and supplemental discovery prior to trial and investigate the claims and defenses of each of the parties. In short, Marek sought affirmative relief from the trial court until the trial court denied his motion for continuance and he faced a fast-approaching trial setting, when he inexplicably switched course and asked the court to enter an order compelling the parties to arbitrate their disputes for the first time.

Marek argues that a finding of waiver of arbitration is extremely rare and cautions that "almost every single court following *Perry Homes* to find waiver has resulted in a reversal on appeal."[5] While this may be true, Marek ignores the

---

[5] Marek does not cite the post-*Perry Homes* decisions on which he relies.

16

requirement that we make our determination on a case-by-case basis by assessing the totality of the circumstances. *See Kennedy Hodges*, 433 S.W.3d at 545; *Perry Homes*, 258 S.W.3d at 590; *see also Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 849 (Tex. App.—Fort Worth 2008, pet. denied) ("Northwest focuses on its various activities in the suit in isolation; however, when viewed together, all of Northwest's actions in the suit indicate an intention to avail itself of the judicial process."). After considering the totality of the circumstances in this case, we conclude that Marek substantially invoked the judicial process. *See Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 790 (Tex. App.—El Paso 2015, no pet.) (holding arbitration waived when party participated in litigation "only up until the point that she received an adverse ruling from the district court and was faced with the possibility of having the court impose case-crippling sanctions."); *Okorafor v. Uncle Sam & Assocs.*, 295 S.W.3d 27, 40 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (concluding defendant substantially invoked judicial process because she pursued aggressive litigation strategy through amended pleadings that sought affirmative relief, and abruptly switched to arbitration strategy when facing looming deadline to respond to discovery requests); *In re Christus Spohn Health Sys. Corp.*, 231 S.W.3d 475, 478–79 (Tex. App.—Corpus Christi–Edinburg 2007, orig. proceeding) (explaining that actions inconsistent with right to arbitrate may include "some combination of filing an answer, setting up a counterclaim, pursuing

17

extensive discovery, moving for a continuance, and failing to timely request arbitration") (citing *Cent. Nat'l Ins. Co. of Omaha v. Lerner*, 856 S.W.2d 492, 494 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding)).

## B. Prejudice

In determining whether Marek's substantial invocation of the judicial process constitutes a waiver of his arbitration rights, we also must determine whether Sherry showed prejudice. *Perry Homes,* 258 S.W.3d at 595. In this context, "prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue." *Id.* at 597. Prejudice is more easily shown when a party delays his request for arbitration and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate. *Id.* at 600.

Sherry responded to numerous discovery requests from Marek and produced more than 1,375 pages of documents in response to those requests.[6] Additionally, in

---

[6]    Sherry argues that "Marek's extensive use of the judicial discovery process has given him access to documents and information regarding the merits of these matters well beyond what he would have received in arbitration." Sherry does not explain the basis for her assertion and neither her discovery responses nor the documents she produced are part of the record before us. However, the fact that Sherry did not prove that the discovery incurred during litigation (and the attendant costs) would not have occurred in arbitration does not negate a conclusion that she was prejudiced by Marek's failure to timely invoke the arbitration clause while simultaneously actively obtaining discovery under the rules of civil procedure. *See Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 652 (Tex. App.—Dallas 2011, pet denied); *see also Perry Homes v. Cull*, 258 S.W.3d 580, 599 (Tex. 2008) ("This confuses proof of the *fact* of prejudice with proof its *extent;* the Defendants had to

18

his motion for continuance filed less than one week before the date of trial, Marek indicated his intent to request additional discovery and investigate the parties' claims and defenses. Sherry testified that she spent many hours away from her business to attend to the litigation matters and that she incurred $77,107.13 in attorney's fees between March and October 2019. *See Garg v. Pham*, 485 S.W.3d 91, 107 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (stating factor to consider in determination of waiver is "how much pretrial activity related to the merits rather than arbitrability or jurisdiction and how much time and expense has been incurred in litigation"); *Adams*, 344 S.W.3d at 651 (concluding plaintiff showed prejudice resulting from defendant's failure to invoke his arbitration rights where, among other things, record showed that plaintiff lost "hundreds of hours" of income-producing activity and needed to hire an accounting person to assist her business with production in responding to discovery requests); *Christus Spohn*, 231 S.W.3d at 482 (considering personal prejudice suffered by party as result of delay).

The record reflects Marek engaged in a type of unfair forum shopping to unwind a property division order he now finds unsatisfactory. By filing a motion to compel arbitration after seeking extensive affirmative relief from the trial court and insisting on expensive discovery production from Sherry, Marek now seeks to

---

show substantial invocation that prejudiced them, not precisely how much it all was.") (emphasis in original).

arbitrate the parties' underlying binding MSA and Amended Decree to Sherry's detriment. By doing so, he now purports to have a right to arbitrate his request that the award of certain life insurance policies to him must be modified to include an additional $254,047.81 award, an issue Marek already submitted to the trial court via his petitions for enforcement, and later through the filing of multiple motions seeking affirmative relief, including a request for mediation and to continue the trial date, which the trial court denied or that were overruled by operation of law. To condone this strategy would allow Marek to have it both ways, that is, "litigating on the merits first and then insisting on arbitration after the results of the litigation proved unsatisfactory." *Pounds*, 592 S.W.3d at 558.

Marek's substantial invocation of the judicial process shows prejudice on the face of the record because he forced Sherry to defend against his enforcement actions in the trial court, and further to produce discovery and prepare for an impending trial setting. Reviewing the record before us, we conclude Sherry presented sufficient evidence of prejudice.

Because Marek substantially invoked the judicial process to the detriment and prejudice of Sherry, we conclude that Marek waived his right to arbitration.[7]

---

[7] Because we conclude that Marek waived his right to arbitration, we do not reach his arguments that the trial court erred by failing to (1) compel arbitration because the parties' petitions for enforcement fall within the scope of the arbitration clause, and (2) appoint a substitute arbitrator.

20

## Conclusion

We affirm the trial court's order denying Marek's motion to compel arbitration.



Veronica Rivas-Molloy
Justice

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.